PEOPLE ex rel. LASHER v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Third Department. September 15, 1909.)

1. CONSTITUTIONAL LAW (§ 204*)—PRIVILEGES AND IMMUNITIES.

The privileges and immunities protected by Const. U. S. Amend. 14, § 1, are only those arising under the federal Constitution, and not under the state Constitution or laws.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 591; Dec. Dig. § 204.*]

2. CONSTITUTIONAL LAW (§ 206*)—PRIVILEGES AND IMMUNITIES.

The right of eminent domain is an attribute of sovereignty which belongs to the state, and is not protected by the federal Constitution, the state Legislature being the sole judge of the necessity and extent of exercising the power, and may impose any condition precedent or subsequent to its exercise, so that Laws 1905, p. 2050, c. 724, § 42, amended by Laws 1906, p. 744, c. 314, § 9, giving the owner of any real estate not taken or of any established business, directly or indirectly decreased in value because of acquisition of land by New York City for water supply, damages for such decreased value, did not violate Const. U. S. Amend. 14, § 1, relating to privileges and immunities.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 625, 646; Dec. Dig. § 206.*]

3. STATUTES (§ 77*)—SPECIAL LAWS—CONFERRING POWER OF EMINENT DOMAIN.

The state Constitution does not restrain the delegation of the power of eminent domain, except that it requires the use to be public and requires compensation to be made, which must be ascertained by a jury when not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made by the state, but these provisions do not require uniformity in conferring the power.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 79; Dec. Dig. § 77.*]

**4. CONSTITUTIONAL LAW (§ 43*)—STATUTE CONFERRING POWER OF EMINENT DOMAIN—ESTOPPEL TO DENY CONSTITUTIONALITY.**

Since Laws 1905, p. 2027, c. 724, entitled "An act to provide an additional water supply for New York City and for acquiring land for that purpose by eminent domain" was not mandatory as to the exercise of the power of eminent domain, but conferred a privilege upon the city upon condition that it should make compensation for injury to an established business as required by section 42, amended by Laws 1906, p. 744, c. 314, § 9, and by accepting the power and taking land so as to injure a business, the city agreed to the conditions of the exercise of the power, and cannot question its constitutionality.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 41; Dec. Dig. § 43.*]

Appeal from Special Term, Ulster County.

Mandamus by the People, on the relation of Tina B. Lasher, against the City of New York and others. From an order granting motion for a peremptory writ defendants appeal. Affirmed.

Appeal by the defendants from an order of the Supreme Court entered in the office of the clerk of the county of Ulster, February 17, 1907, granting the relator's motion for a peremptory writ of mandamus, requiring the defendants to forthwith provide for the determination of the damages to her business. The relator's claim is based upon the provisions of section 42, c. 724, p. 2050, Laws 1905, entitled, "An act to provide for an additional supply of pure and wholesome water for the city of New York; and for the acquisition of lands or interests therein, and for the construction of the necessary reservoirs, dams, aqueducts, filters, and other appurtenances for the purpose; and for the appointment of a commission with the powers and duties necessary and proper to attain these objects," as amended by section 9, c. 314, p. 744, Laws 1906. So much of the section as is material is as follows: "The owner of any real estate not taken by virtue of this act and chapter seven hundred and twenty-three of the laws of nineteen hundred and five or of any established business on the first day of June, nineteen hundred and five, and situate in the counties of Ulster, Albany or Greene, directly or indirectly decreased in value by reason of the acquiring of land by the city of New York for an additional water supply or by reason of the execution of any plans for such additional water supply by the city of New York under the provisions of this act and chapter seven hundred and twenty-three of the laws of nineteen hundred and five, their heirs, assigns or personal representatives shall have a right to damages for such decrease in value. The board of water supply of the city of New York may agree with such person as to the amount of such damages, and if such agreement cannot be made such damages, if any, shall be determined in the manner herein provided for the ascertaining and determining the value of real estate taken under the provisions of this act, and the commissioners shall not be limited in the reception of evidence to the rules regulating the proof of direct damages. And the amount of such damages so agreed upon as aforesaid or so determined as aforesaid shall be payable and collectible in the same manner as is herein provided in the case of awards made through the confirmation of a report of commissioners of appraisal."

On the 1st day of June, 1905, and for more than seven years prior thereto, the relator owned an established business on land in the town of Olive, Ulster county, the land being parcel No. 64, in section No. 2, as laid out numbered upon the final map or plan of the proposed site of the Ashokan reservoir. Commissioners of appraisal were appointed April 17, 1907, in proceedings begun by the corporation counsel of the city of New York, pursuant to the provisions of chapter 724, Laws 1905, to acquire 8,000 acres of land for the construction of the reservoir. On the 5th day of August, 1907, the relator pre-

sented to the commissioners a verified claim for damages, and on that day appeared before the commissioners and offered evidence in support of her claim. The commissioners allowed her to testify fully as to the purposes for which the property was used, but refused to hear evidence concerning the damages to her business. The report of the commissioners was filed February 21, 1908, in which it was found and determined that Edwin B. Lasher, Alma O. Lasher, and Ora C. Lasher, subject to the dower right of the relator, were the owners of parcel No. 64, and that the amount which ought to be paid to the owners and persons interested therein for the damages sustained, or which may be sustained by them by reason of the acquisition of the fee for the purposes indicated in chapter 724, was the sum of $6,500; "the commissioners having taken into consideration the purposes for which the property has been used." In the petition on which the motion was founded it was also stated: "That the said city, its board of water supply, or its representatives entered upon and took possession of the lands upon which the business of your petitioner was conducted, * * * and on or about the 15th day of May, 1908, compelled your petitioner to leave her place of business and the section in which it was conducted, and to give up and abandon the same, and the said city, its board of water supply, or its representatives continue to maintain possession of such premises, as well as a considerable number of parcels it has taken possession of in such proceedings." It also appeared that on the 15th day of May, 1908, the relator filed a claim for damages to her business with the board of water supply of the city of New York, and that she was unable to agree with the board as to the amount of damages to be paid.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John J. Linson, for appellants.
Harrison T. Slosson, for respondent.

SEWELL, J. The appellant's contention is that section 42, c. 724, p. 2050, Laws 1905, as amended by section 9, c. 314, p. 744, Laws 1906, conflicts with the fourteenth amendment of the Constitution of the United States. The privileges and immunities referred to in section 1 of the amendment are those only which arise under the Constitution of the United States, and not those which arise under that of the state. But, passing this point, and assuming that the section in question is included in the words "any law," there is then no ground for the claim that it is in conflict with the amendment and incapable of enforcement. The right of eminent domain forms no part of that body of political and civil rights which are protected and secured by the federal Constitution. No municipality or other corporation has an inherent right to the power. It is an attribute of sovereignty. It belongs to the state, and with the conditions the state may impose for the gift or grant the United States, a separate sovereignty, has no right to interfere. There is no restraint upon the Legislature in delegating this power, save the provision in the Constitution of the state that the use must be public, compensation must be given, and, when the compensation is not made by the state, it must be ascertained by a jury or by not less than three commissioners appointed by a court of record. Brooklyn Park Com. v. Armstrong, 45 N. Y. 234, 6 Am. Rep. 70; Matter of Union R. R. Co. of Brooklyn, 112 N. Y. 61, 19 N. E. 664, 2 L. R. A. 359; Mott v. Eno, 181 N. Y. 346, 74 N. E. 229.

It is clear, I think, that these provisions do not require the Legislature to act uniformly or according to any particular rule in conferring this power upon individuals or corporations. The Legislature as

the depository of this sovereign power is the sole judge of the expediency and necessity of the exercise of the power and the extent to which the exercise of it shall be carried, and the propriety and utility of the conditions to be imposed. It may not only determine the time and the occasion and as to what particular property it shall be exercised, who and how many shall receive the right, but it may impose any condition on the grant of power, whether precedent or subsequent, which it believes to be equitable, or it may deny the right absolutely.

It is to be observed, also, that, after the power is conferred, it is subject to be increased, restricted, or repealed at the will of the Legislature, vested rights acquired thereunder, as under all statutes, only remaining unaffected. I am therefore of the opinion that the fourteenth amendment has no application. But, if it were not so, if the condition was a violation of the federal or state Constitution, the city would not take advantage of the invalidity, for the city took the right of eminent domain with the condition among others that it should pay the damages to an established business. The act was not mandatory. It conferred a privilege which the defendants were at liberty to exercise or not as they saw fit. By accepting the power conferred by the statute and taking the land upon on which the business was conducted, under it, they agreed to the conditions, and have no standing to raise the question of constitutionality.

This was the rule laid down in the case of People v. Murray, 5 Hill, 468, where the defendants claimed that the act under which they had built a dam across the Genesee river was unconstitutional, for the reason that it authorized a proceeding not according to the common law, and deprived the parties of the right of trial by jury. The court said:

"The short answer is that the defendants took the grant to build the dam with this condition attached to it, and they are not now at liberty to make the objection, though, under other circumstances, it might have been effectual."

To a similar effect are other cases: Mayor v. Gorman, 26 App. Div. 191, 49 N. Y. Supp. 1026; Matter of Comesky, 83 App. Div. 137, 81 N. Y. Supp. 1049; Sherman v. McKeon, 38 N. Y. 266; Vose v. Cockcroft, 44 N. Y. 415; People v. Fire Association of Phil'a, 92 N. Y. 311, 44 Am. Rep. 380; Seneca Board of 'Sup'rs v. Allen, 99 N. Y. 532, 2 N. E. 459; Beetson v. Stoops, 186 N. Y. 456, 79 N. E. 731.

I do not deem discussion necessary as to the other questions raised. The order appealed from should be affirmed, with costs. All concur.