In re COMMISSIONERS OF PALISADES INTERSTATE PARK.

(Supreme Court, Appellate Division, Second Department.   March 5, 1915.)

EMINENT DOMAIN (§ 246*)—CONDEMNATION PROCEEDINGS—DISCONTINUANCE—
TIME OF APPLICATION.

The power of the commissioners of the Palisades Interstate Park,
created by Laws 1900, c. 170, as amended by Laws 1906, c. 691, and Laws
1910, c. 361, to abandon condemnation proceedings, is defined by the gen-
eral condemnation law, and must be exercised, under Code Civ. Proc. §
3374, before the expiration of 30 days after entry of final order, which,
under section 3375, is the order of the Special Term making the appraisal
a judicial record, from which an appeal lies to the Appellate Division,
and an order of confirmation, eventually acquiesced in by all the parties
interested, is a final order, and the right to abandon the proceedings must
be exercised within the statutory period from its entry.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 647–
657; Dec. Dig. § 246.*]

Appeal from Special Term, Westchester County.

Application of the Commissioners of the Palisades Interstate Park
for the condemnation of lands situate in the county of Rockland.
From an order granting a motion of the commissioners to discontinue
the condemnation proceedings, and setting aside the part of an order
confirming the report of the commissioners of appraisement, and im-
posing terms on the application to discontinue, with appointment of a
referee to ascertain and report damages caused by such discontinu-
ance, the Haverstraw Crushed Stone Company and another appeal.
Reversed.

See, also, 83 Misc. Rep. 186, 144 N. Y. Supp. 782.

Argued before JENKS, P. J., and THOMAS, STAPLETON,
RICH, and PUTNAM, JJ..

Charles F. Brown, of New York City (Henry W. Hardon, of New
York City, on the brief), for appellant Haverstraw Crushed Stone Co.

Delevan A. Holmes, of New York City, for appellant Clinton Point
Stone Co.

Edward W. Hatch, of New York City, for respondents.

PUTNAM, J.   These appeals raise the question of the power of
the petitioner to discontinue condemnation proceedings.   The com-
missioners of the Palisades Interstate Park are a body created by Laws
1900, c. 170, as amended by Laws 1906, c. 691, and Laws 1910, c. 361.

On August 2, 1912, the present proceedings were begun to condemn
the fee in certain lands in Rockland county and the leasehold interests
of these two appellants.   On September 16, 1913, awards were made
for the damages to these interests, and on January 16, 1914, the awards
were confirmed by the court at Special Term.   Appeals were then tak-
en, but the present appellants dropped their contest, and entered or-
ders discontinuing their appeals on April 6, 1914.   On May 7th the
petitioner obtained an order to show cause why leave to discontinue
the condemnation proceedings should not be granted, which applica-
tion was based on the statement that these appellants had asked for

payment of the awards to them, and had served notice of motion returnable on May 9th for an order for such payment.

It was stated that in view of the pending appeal by the fee owner to be heard in this court in June, and the possibility of a further appeal to the Court of Appeals, the commissioners had determined it to be for the best interest of the state to abandon this condemnation proceeding as to these appellants, and that they had formally passed a resolution to ask leave of court to make such abandonment.

The motion was heard in June, and on June 26th the court at Special Term handed down a decision granting the application upon certain conditions. In the same month the appeal by the fee owner was argued in this court, and on October 16, 1914, the final order of the Special Term was affirmed.

On October 23d the order of the Special Term now under review was entered. It granted the petitioner leave to discontinue upon payment to each appellant of the costs and allowances granted to it and to its counsel in the previous order of confirmation, with a fair allowance for services upon that hearing, also a reasonable amount for any other loss which either of such parties might sustain from the abandonment of the proceedings, and designated a referee to take proof and report the amount of such damages.

The park commission had no express authority to discontinue. As a spur to active proceedings, it was provided that, if the title be not acquired in 18 months, any person interested could make application to the court to have the proceedings discontinued, which the court might grant or refuse. Section 17. Upon filing the report, the commission are to move for its confirmation. Section 11. The order of confirmation is to be recorded at length in the county clerk's office. Section 12. Any party may appeal to the Appellate Division, which may direct a new appraisal before same commissioners of appraisal, or before new commissioners whom it may appoint. Section 13. Title, however, is not to be acquired until the award is either paid or deposited with the county clerk. Section 16.

The absence in the Palisade Acts of any express provision permitting the petitioner to abandon the proceedings requires resort to be had to the General Condemnation Law, which applies to all takings of land for a public use. Code Civ. Proc. § 3359. It is there very distinctly set forth. It is to be "before the expiration of thirty days after the entry of the final order." Code Civ. Proc. § 3374. The order so described as "final order" is the order of the Special Term making the appraisal a judicial record, from which an appeal lies to the Appellate Division. Code Civ. Proc. § 3375.

The order now appealed from was over 9 months after this final order. The motion for leave to discontinue was not served before May 7th, 110 days after the final order, from which order the Palisades Park Commission took no appeal. The question of power comes up sharply.

Here are two conflicting viewpoints. Such a commission, in order to carry through a scheme, is not bound to take land at a ruinous price. The petitioner representing the state must have a reason-

able interval in which to count the cost, and then decide whether to go on or to drop the plan.   Lewis, Eminent Domain, § 955.   The law of New York treats the rights as vested when the final order appropriates the land to the use of the petitioner, and fixes the compensation therefor.   Hawkins v. Trustees of Rochester, 1 Wend. 53, 19 Am. Dec. 462; People v. Corporation of Brooklyn, 1 Wend. 318, 19 Am. Dec. 502. But, like other judgments, this is subject to a motion to set aside for error, mistake, or for fraud.   Here neither error by the commissioners of appraisal, nor mistake by the parties, is suggested.   It is merely a change of purpose, announced over 3 months after final confirmation.

In such case the locus pœnitentiæ is not a matter of general discretion.   The petitioner cannot recede to the injury of those who, relying on the stability and effects of the order or judgment of confirmation, have been forced to change their business and to prepare to remove their industrial plant.   In the Matter of Beekman Street, 20 Johns. 269, 273.   Hence the Legislature has taken it from the courts, and has itself determined the limit after which the plaintiff or petitioner may not withdraw its proceedings.   It must serve the notice of motion to discontinue within the 30 days.   New York, Ontario & Western R. Co. v. Nelson, 152 App. Div. 245, 136 N. Y. Supp. 514.   This limit we are not at liberty to extend.   It is fixed so as to end suspense.   The period of 30 days of the General Condemnation Law (Code Civ. Proc. § 3374) fits in well with the limit of 20 days allowed by section 13 of the Palisades Act for appeals, as after 20 days the petitioner would be expected to know the attitude of the defending landowners.   Not appealing within the 20 days, and not moving for leave to discontinue in the 30 days, left the appraisal accepted by the petitioner, after which all other matters of difference under the final order ended on April 6th, when defendants dropped their appeals.

Petitioner's power to abandon is so serious in its effects that, by our New York system, the lapse of 30 days from confirmation makes an impassable limit to its exercise (Matter of Rhinebeck & Connecticut R. R. Co., 67 N. Y. 242; People ex rel. Gaslight Co. v. Common Council, 78 N. Y. 56), at least, if the order has been recorded by the county clerk (Lent v. N. Y. & M. R. Co., 130 N. Y. 504, 29 N. E. 988).   Perhaps, without infringing constitutional rights, the state might have continued a discretion to withdraw up to the point when the money should be paid or deposited (Garrison v. City of New York, 21 Wall. 196, 22 L. Ed. 612), but our Legislature has deemed it best to restrict this time of irresolution and further uncertainty to these 30 days; and as the power of condemnation is a creature of statute, the courts cannot question the wisdom of the Legislature (15 Cyc. 939).

The learned Special Term did not doubt this general principle; but he regarded his earlier order of confirmation as a matter of form, save as to allowances.   See 83 Misc. Rep. 186, 144 N. Y. Supp. 782.   Hence he thought that nothing short of the order of the Appellate Division should be the final order which sets running the 30 days.   But the Special Term had made and entered the proper order of confirmation as provided by the statute.   By acquiescence that order concluded both parties; on one side, the petitioner letting the 20 days pass under sec-.

tion 13 without appealing, and on the defendants' side by eventually entering an order discontinuing their appeals. Irrespective, therefore, of the absence of any contest (save, perhaps, over costs and allowances), so that confirmation passed unopposed at Special Term, the present appraisal stands confirmed and accepted, not only by the court, but by the parties themselves. It was thereafter beyond the power of abandonment and withdrawal by the Palisades Park Commission, based on its change of attitude after confirmation.

Hence I think the Special Term order should be reversed, with $10 costs and disbursements, and the petitioner's motion denied, with costs. All concur.

---

### PEOPLE v. KINGSLEE.

(Supreme Court, Appellate Division, Third Department. March 3, 1915.)

1. RAPE (§ 59*)—TESTIMONY OF PROSECUTRIX—CORROBORATION—INSTRUCTIONS.

In a prosecution for rape in the second degree, in which the evidence showed that defendant was a widower living with his daughter, and that prosecutrix was working for him, and that the daughter was a telephone operator working nights, which left defendant and the prosecutrix in the house alone at night, the refusal to charge that the fact of being alone with defendant was not corroborative of her testimony violates Pen. Code, § 283, requiring the testimony of prosecutrix to be corroborated, where the court had stated in the charge that the people claim that this evidence, along with other mentioned evidence, was corroborative of her testimony.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 88–100; Dec. Dig. § 59.*]

2. CRIMINAL LAW (§§ 419, 420*)—EVIDENCE—SURRENDER OF DEFENDANT BY BONDSMEN.

In a prosecution for rape, it is error to admit testimony that defendant's bondsmen, who were his cousins, surrendered him, though the district attorney stated he introduced it only to show what took place when they surrendered him, as there were other ways of eliciting the evidence desired.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973–983; Dec. Dig. §§ 419, 420.*]

Appeal from Warren County Court.

Dell Kingslee was convicted of rape in the second degree, and he appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Fred A. Bratt, of Ft. Edward, and Lyman Jenkins, of Glens Falls, for appellant.

James S. Kiley, of Glens Falls, for the People.