In the Matter of the Application of the CITY OF SYRA-
CUSE, Respondent, to Acquire Lands.
BENEDICT F. HABERLE et al., Appellants.

Condemnation proceedings — Syracuse (city of) — special
statute authorizing construction of sewers in city of Syracuse
— proceeding to discontinue proceeding instituted under said
statute cannot be maintained when title has vested there-
under — provisions of special statute, not those of General
Condemnation Law, are controlling.

1. Under section 3371 ·of the Code of Civil Procedure a final order·
of confirmation of the report of the commissioners together with
payment of compensation as directed therein are prerequisites to the
vesting of title to the land condemned. Under the special or local
law authorizing the construction of intercepting sewers in the city of
Syracuse (L. 1907, ch. 356, § 5) title to the property is acquired
by the city and the owner summarily divested of his estate in the land
anterior to a consideration of the value by the commissioners or the
order of confirmation of their report of the same, and the taking is
thus complete. Such repugnancy between the two statutes results
in a construction that the special act must be held to be an exception
to or qualification of the prior general law.

2. In a proceeding to acquire certain real property of appellants
under the latter statute, the oath of the commissioners was filed in the
clerk's office and hearings were had before the commissioners who there-
after made a report and returned the same with the minutes of the
testimony taken in the proceeding. The report of the commissioners
made an award to the appellants, and the report was delivered to the
corporation counsel of the city, and by him the report and evidence
was delivered to the secretary of the commission. The corporation
counsel subsequently made application to the court for leave to dis-
continue such proceedings, which was granted, and the order to that
effect was affirmed by the Appellate Division. Held, that the statute
granted not only the power of eminent domain, but likewise the right
to immediately become vested with the title to any land condemned
by it necessary to carry out its purposes for the public use. It accepted
in due form the statute as enacted and instituted the proceedings
thereunder. Hence, the order allowing a discontinuance of the pro-
ceeding was improperly granted.

Matter of City of Syracuse, 182 App. Div. 176, reversed.

(Argued June 3, 1918; decided July 12, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 6, 1918, which modified and affirmed as modified an order of Special Term granting a motion for permission to discontinue a proceeding to acquire lands for public purposes and denying a counter motion to compel filing of the report of the commissioners.

The facts, so far as material, are stated in the opinion

*Walter Welch* for appellants. The court should not have granted the order permitting the city to abandon and discontinue the proceeding, and it was error for the Appellate Division to affirm that part of the order, as the vesting of the title of the land in the city and how the payment therefor is to be made is controlled by the statute under which the proceeding is instituted and not by the Code of Civil Procedure. (*Matter of City of New York*, 142 App. Div. 726; *Matter of Rhinebeck v. R. R. Co.*, 67 N. Y. 242.)

*Stewart F. Hancock, Corporation Counsel (C. E. Dorr* of counsel), for respondent. The city showed good cause for its application to discontinue and abandon the proceeding, and the discretion of the court in making the order permitting the same was properly exercised. (Code Civ. Pro. § 3374; *Matter of Comrs. of Washington Park*, 56 N. Y. 144; *Garrison v. City of New York*, 21 Wall. 204; *Matter of Palisades Park*, 216 N. Y. 104; *Matter of Military Parade Ground*, 60 N. Y. 319; *People ex rel. Wynne v. Morris*, 143 App. Div. 293; *N. Y., O. & W. R. R. Co. v. Nelson*, 152 App. Div. 245; *People ex rel. G. L. Co. v. Syracuse*, 78 N. Y. 56.)

HOGAN, J. By chapter 356, Laws of 1907, the Syracuse intercepting sewer board was organized with power to construct intercepting sewers in and for the city of

Syracuse, and to construct such sewers and structures as may be required to render said intercepting sewer system operative and efficient.

Section 5 of the statute authorized and empowered the board in the name of the city to contract for, purchase, acquire by deed or condemnation proceedings in accordance with the provisions of the Code of Civil Procedure any and all lands, easements, water rights, property necessary to carry out and effectuate the purposes of the act, and authorized the engineers and agents of the board to enter upon any real estate for the purpose of making surveys, and then provided: " In case commissioners to ascertain the compensation to be made to the owners of real estate in proceedings for the condemnation thereof shall be appointed, as provided by the Code of Civil Procedure, the city of Syracuse shall, on filing the oaths of said commissioners in the office of the clerk of Onondaga county, be and become seized of such real estate as shall be shown and described on such maps prepared therefor as real estate of which it has been determined that the fee or easements therein shall be acquired for the purposes of carrying out the provisions of this act, and such board for and in the name of the city may enter upon, and occupy and use such real estate so shown and described on such maps and so required for such purposes."

In May, 1915, the corporation counsel on behalf of the city of Syracuse instituted this proceeding to acquire for and in the name of the city of Syracuse certain real property of appellants for the purpose of the construction and equipment of a sewage disposal works for said city, the construction, etc., to proceed immediately, pursuant to plans which had been prepared therefor.

The interest the city desired to condemn and acquire by the proceedings was the fee of the premises. The prayer of the petitioner was for a judgment of condem-

nation, the appointment of commissioners of appraisal, and that upon the appointment of such commissioners and the filing of their oaths of office the board have the right to enter upon said real estate for and in the name of the city of Syracuse for the purposes stated in the petition.

On the 9th day of June, 1915, the petition was presented to the court at Special Term. The owners appeared by counsel and elected in open court that they would not answer the petition and consented to the appointment of commissioners. Judgment of condemnation was granted and commissioners appointed.

The oath of the commissioners was filed in the clerk's office of the county of Onondaga on the 21st day of September, 1915, and hearings were subsequently had before the commissioners who thereafter and on March 15th, 1916, made a report and returned the same with the minutes of testimony taken in the proceeding. The report of the commissioners awarded to the appellants, including the representatives of a deceased former owner, the sum of $17,161.73, and said report was delivered to the corporation counsel of the city and by him the report and evidence was delivered to the secretary of the commission.

The officers of the city and board refused to file the report of the commissioners. On June 9, 1916, the intercepting sewer board having resolved to discontinue the proceedings, the corporation counsel made application to the court for leave to discontinue such proceedings. The appellants made a counter motion at the same time to require the intercepting sewer board or the city to file the report of the commissioners. The Special Term denied the application of the respondents to compel the filing of the report and granted the motion made on behalf of the city and the board, to discontinue on condition that the city bear the expenses of the owners necessarily

incurred in the proceedings to be determined by a referee unless agreed upon.

Upon appeal from the order made by the Special Term, the Appellate Division reversed the order of Special Term in so far as it denied the motion to compel the city to file the commissioners' report together with the evidence, and granted such motion, but in all other respects affirmed the order made at Special Term.

We assume that the mandatory order of the Appellate Division that the report of the commissioners and the evidence taken before them be placed on file has been complied with, no appeal of the city having been taken therefrom. Our determination will be limited to the appeal by the owners from that part of the order of affirmance by the Appellate Division of the order of Special Term granting permission to the city to discontinue the proceedings.

That the legislature was empowered to authorize the city of Syracuse through its duly accredited commission to exercise the power of eminent domain cannot be questioned. The statute of 1907 made ample provision for the payment of compensation for any land taken thereunder. (Sections 10, 11, 12.) The statute, presumably prepared by the city, granted not only the power of eminent domain, but likewise the right to immediately become vested with the title to any land condemned by it necessary to carry out its purposes for the public use. It accepted in due form the statute as enacted and instituted the proceedings thereunder. It cannot now be heard to say that it was powerless to carry out the privilege granted or that it is not bound by the statute under which it acted. (*People ex rel. Lasher* v. *City of New York*, 134 App. Div. 75; affirmed, 198 N. Y. 439.)

The provision of the statute of 1907 that the title of the real estate to be acquired should vest in the city

upon the filing of the oath of the commissioners was not an innovation in the legislation of this state. Substantially all lands and property rights taken for the construction of the canal system of the state and for the Barge canal and terminals were acquired under statutes containing in effect like provisions as to the vesting of title.

The charter of the city of New York, former section 970, authorized the city to acquire title in fee or to an easement as may be determined by the board of estimate and apportionment for the use of the public to all or any lands required for streets, parks, approaches to bridges, etc.

By section 1435, the city or any department, including the department of education, boards or officers of the city government, were authorized to acquire title to real estate. Both of the sections empowered the board of estimate and apportionment *at any time* said board shall deem it for the public interest that the title to the lands and premises required for any improvements authorized should be acquired at a fixed or specified time to direct, by a three-fourths vote, where no buildings are upon such lands, *that upon the date of the filing of the oath* of the commissioners of estimate, or upon a specified date thereafter, and where there are buildings upon such lands, that upon a date not less than six months from the date of filing of said oaths, the title to any piece or parcel of land lying within the lines of any such street or park or of any improvement authorized shall be vested in the city of New York, and that thereafter, when the commissioners shall have taken and filed said oath, *upon the date of such filing* the city of New York *shall become and be seized in fee of the said lands.*

Under the provisions of the charter of New York, the law is settled that under a resolution of the board of estimate and apportionment that title to land shall pass

at a time permitted by the charter, the title to the land by force of the statute becomes vested in the city and the rights of owners become fixed on the day when title vested under the statute. (*Buckhout* v. *City of New York*, 176 N. Y. 363; *Matter of Board of Education, N. Y. City*, 169 N. Y. 456; *Matter of Mayor, etc., of N. Y.*, 95 App. Div. 552; *Matter of Mayor, etc., of N. Y.*, 118 App. Div. 117.) To the same effect, *Matter of Mayor, etc., of N. Y.* (116 App. Div. 252).

In the case of *Kahlen* v. *State of New York* (223 N. Y. 383), the claimant filed a claim against the state to recover the value of land appropriated by the state and the resulting damage to other lands not appropriated. The claim was opposed by the state because over twenty-two months after the claim was filed the canal board adopted a resolution rescinding and canceling the appropriation. The Court of Claims held that the title of the property had not vested in the state, and the canal board could and had rescinded the appropriation. The claim was dismissed. The determination of the Court of Claims was affirmed by the Appellate Division. We reversed the courts below and held that under the Barge canal terminal statute the title to the property became vested in the state at the time specified in the statute, *i. e.*, the service of notice of appropriation, and that the canal board was powerless to rescind the appropriation. The decisions cited conclusively establish that the city of Syracuse, upon the filing of the oath of the commissioners, September 21, 1915, became vested with an absolute estate of inheritance in fee simple of the land described in the petition and judgment; that the former owners were divested of all rights, title and right of possession in said land. The city thus vested with title could not thereafter abandon the proceedings as the rights of the former owners became fixed on September 21, 1915. The city had completed the exercise of the

power of eminent domain. It had acquired title as contemplated by the statute of 1907 and that statute having made provision for compensation, the only duty remaining to be performed by the city was to have the amount of compensation which takes the place of the land (*Utter* v. *Richmond*, 112 N. Y. 610) determined by commissioners as provided in the Condemnation Law and upon confirmation of their report to make payment. A failure upon the part of the city to perform that duty with reasonable dispatch would justify application by the owners to the court to compel action to that end.

The provision of the statute of 1907 that proceedings thereunder should be in accordance with the provisions of the Code of Civil Procedure had reference solely to the procedure or detail necessary for the execution of the power granted by that statute. (*People ex rel. Everson* v. *Lorillard*, 135 N. Y. 285.)

The justice at Special Term permitted the proceedings to be discontinued under section 3374, Code of Civil Procedure, Condemnation Law, and cited *Garrison* v. *City of New York* (21 Wall. 196, 204) and *Matter of Comrs. Palisades Interstate Park* (166 App. Div. 443).

In the *Palisades Park* case, chapter 170, Laws of 1900, section 16, provided that the commissioners should not acquire title or enter into possession of land until the amount awarded for the same shall have been paid to the owners, such payment to operate as a transfer of the title to the commissioners, a statute quite unlike the statute under consideration. That case was affirmed in this court (216 N. Y. 104). Therein we stated: " It is unnecessary, however, to determine whether the Code provision (Section 3374) is applicable to this proceeding * * * that the awards not being contingent nor in any way affected by express statute, were vested as property rights in the respondents as soon as the order of confirmation at the Special Term was granted and

entered (Section 11)." (P. 109.) The question certified to us, "Had the court below at Special Term power to make the order appealed from to discontinue the proceedings," was answered in the negative. I fail to find support for the orders below in the case cited.

The case of *Garrison* v. *City of New York* (21 Wall. 196), decided in this state under titles of *Matter of Widening Broadway, City of N. Y.* (61 Barb. 483), *Matter of Application of Mayor, etc., of N. Y.* (49 N. Y. 150), does not aid the respondent here or justify the application made of that decision. A lengthy analysis of the decisions in that case is unnecessary.

The Appellate Division held that the statute of 1907 and the Condemnation Law should be read together, and thus construed it was the design of the legislature to extend to the city all the benefits of the condemnation procedure prescribed by the Code, including the right to discontinue the proceedings in the discretion of the court.

The Condemnation Law is a general law relating, as its title indicates, to the acquisition of property under the power of eminent domain. It was enacted in its present form by chapter 95, Laws of 1890, and is embodied in the Code of Civil Procedure. Under section 3371 of that law a final order of confirmation of the report of the commissioners together with payment of compensation as directed therein are prerequisites to the vesting of title to the land condemned.

While under section 3380 temporary possession of premises pending the condemnation proceedings may be ordered in the cases and upon the terms therein prescribed, and the owner be deprived of possession, he is not divested of title to his land until after the final order of confirmation and payment of compensation. Under the statute of 1907, by legislative authority the city is vested with title and right of possession prior to any hearing before the commissioners. Under the Condemnation Law the

taking of land becomes complete only after compensation has been made; upon the happening of that event and only then is the owner divested of title to his land. Under section 3374 the party condemning may, in the discretion of the court before the expiration of thirty days from the entry of the final order, be permitted to discontinue the proceeding. That section, however, presupposes that payment has not been made and thereby the taking of the land which is the controlling fact has not been completed.

Under the special or local law title to the property is acquired by the city and the owner summarily divested of his estate in the land anterior to a consideration of the value by the commissioners or the order of confirmation of their report of the same. The taking is thus complete. Such repugnancy between the two statutes results in a construction that the special act must be held to be an exception to or qualification of the prior general law and controlling upon the case at bar.

The orders of the Special Term and Appellate Division granting permission to discontinue the proceeding should be reversed, with costs to appellants in this court and the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO and McLAUGHLIN, JJ., concur; CUDDEBACK, J., dissents.

Orders reversed.