PEOPLE, PLAINTIFF AND APPELLEE, v. PARKHURST,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution
for Involuntary Manslaughter.

No. 1667.—Decided July 27, 1921.

MANSLAUGHTER — NEGLIGENCE — PLEADING. — *Quaere:* Whether an information
charging negligent manslaughter is insufficient because it fails to specify the
acts which constitute the negligence when the negligence might have been
committed in various ways.

ID.—BILL OF PARTICULARS.—A motion for a bill of particulars should be made
before the trial.

ID.—PLEADING—EVIDENCE.—Under an information charging involuntary homicide resulting from the negligent driving of an automobile the admission of evidence in regard to the defective condition of the brakes of the automobile constitutes an error prejudicial to the defendant. The operation of an automobile is one thing and its defective condition is another, and the defendant should have been informed that he was to meet a charge that the brakes of the vehicle did not work well.

ID.—EVIDENCE.—The rate of speed at which an automobile is going half a block away is ordinarily no sign of the rate of speed at which it may be going at the place of the accident; therefore the admission of such evidence is a prejudicial error.

ID.—ID.—The defendant testified under oath that he had four children of varying ages and a wife. It was immaterial evidence and may have been introduced to win the sympathy of the jury, but no objection was made. Subsequently, on cross-examination, the district attorney asked, ''Are you now living with your wife?'' Objection was made to this question, but the court admitted the answer. *Held:* That objection having been raised to the question, the answer should not have been admitted.

ID.—ID.—The testimony of a policeman that facts came to his knowledge which caused him to arrest the defendant on a charge of homicide committed through negligence in driving an automobile is immaterial and should not have been admitted.

The facts are stated in the opinion.

*Mr. H. G. Molina* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The new road from San Juan to Bayamón on entering the last named city rises considerably and curves, the appellant claims, at an angle of ninety degrees. This rise begins before the entrance into the town and continues to the *plaza.* When it reaches the town the road is known as Dr. Veve Street. Halfway along the curve and before reaching the *plaza,* Dr. Veve Street is crossed by Dr. Barbosa Street. On the 7th of April, 1919, at about five o'clock in the afternoon, appellant Parkhurst was driving a Maxwell car coming from San Juan to go to his house on the other side of Bayamón. A truck was coming down Dr. Barbosa Street, going south, and the appellant was going west, and the undisputed testimony shows that in order to avoid the truck at the intersection of the two streets, he made a sharp turn to the right and went over the gutter at the farther side of Dr. Barbosa

Street and pinned a young woman to the wall, causing injuries to her leg from the result of which she died. This case is consequently a prosecution for involuntary manslaughter. The defendant was convicted and appealed.

The first ground of error is the insufficiency of the information. The district attorney maintains that as a demurrer to the information was filed only after the case was called for trial, hence the jurisprudence of *People* v. *Paris,* 25 P. R. R. 103, and the cases that followed it are applicable, except so far as the information fails to state a public offence. The present case is to be distinguished from the case of *People* v. *Paris,* because here the defendant asked and obtained from the court permission to file a demurrer. The demurrer set up not only that the information did not state a public offence, but that it charged more than one crime, and that it failed to set out the facts as required by several paragraphs of sections 71 and 75 of the Code of Criminal Procedure.

The brief is limited to discussing the sufficiency of the facts alleged to constitute a public crime, and our review will be limited to the same matter.

Substantially, the information is as follows:

"The said Wilbert P. Parkhurst on the seventh of April, 1919, and in the city of Bayamón, which forms a part of the Judicial District of San Juan, and while driving an automobile without using due care and circumspection, in an illegal way, struck Josefa Rodríguez, a young lady, with the said automobile, causing her severe injuries from which she died in a few hours."

The argument of the appellant is in effect that as the alleged negligence might have been committed in various ways, there is no such a statement of the public offence as required by the cited sections of the Code of Criminal Procedure, and that when a statute is very general in its terms a specification, or the equivalent, is necessary. *United States* v. *Cruikshank,* 92 U. S. 542; *United States* v. *Potter,* 56 Fed.

Rep. 99; *United States* v. *Holtzhauer,* 40 Fed. 46; *Ainsworth* v. *United States,* 1 App. D. C. 518, and others. In *People* v. *Moreno,* 28 P. R. R. 96, we were disposed to think the defect, if any, one of form to be reached by a bill of particulars. Particular cases that support the views of the Government are *Smith* v. *State,* 115 N. E. (Ind.) 943; *Reams* v. *State,* 100 S. E. (Ga.) 230; *State* v. *Sartino,* 115 S. W. (Mo.) 1015.

Nevertheless, we are not without some doubts, and, as we have another case pending involving the same question and as the judgment must be reversed on other grounds, we suggest that the *fiscal* amend the information to make it conform to the proof that he intends to offer at the trial. In general, if the Government knows the particular character of the evidence of negligence on which it intends to rely, it would be much the better practice, to say the least, either to set it forth in the information or be prepared to furnish the defendant with the particulars before the inception of the trial.

In point of fact, the defendant did apply for a bill of particulars, but he did so too late and without making a sufficient showing to enable us to say that the trial court committed abuse of discretion in failing to grant the application. After the defendant had obtained leave and had filed a demurrer, the court overruled the same. Then, without specific permission to do so, the defendant first presented a motion for a bill of particulars. The rule is that an application for a bill of particulars should be presented before trial. The reasons are many and they are indicated in *People* v. *Paris, supra.* Some of the rules governing the application for a bill of particulars are set forth in the following cases: Notes to *State* v. *Lewis,* Ann. Cases 1913 A, 1208; *Commonwealth* v. *Wakelin,* 120 N. E. 209.

At the trial of the case the chief of police and another witness gave evidence tending to show that the defendant's brakes were in bad condition. To all attempts to show the

condition of the machine at the time of the accident the defendant made objection and took an exception. Apparently, the chief of police and an expert witness made a slight examination of the brakes and moved them back and forth or something of the kind and then pronounced judgment that the brakes were in bad condition, but it does not appear that they tested the machine, and on the other hand the defendant and his experts gave very definite testimony that the machine was in the same condition that it was on the day of the accident and that the brakes did work well, although it was an old car, having had a life of about five years. Independently of whether the unsatisfactory condition of the brakes was proved or not, we agree with the appellant that all evidence in regard to the brakes was improperly admitted. The averment of the information was that he conducted or operated his machine in such a way that it caused the death of a young woman. The defendant was not apprised by the information that he was to be tried on the defective condition of the machine, although this supposed fact was within the knowledge of the district attorney. The operation of a car is one thing; its defective condition is another, and the defendant should have been apprised that he was to meet a charge that his brakes did not work. There is a necessity for issues in a criminal trial as in other trials, and the Government should keep within the issues outlined, or apprise the defendant of other issues.

Evidence as to the defective condition of the brakes might have been pertinent to the question of negligence in connection with the rate of speed under the circumstances, had the information or bill of particulars apprised the defendant of a purpose to prove this, but, as we have shown, this notice was not given, and under an information charging the negligent driving of a machine, without more, the admission of such evidence was prejudicial error.

The appellant also alleged error in submitting the case

to the jury, but on this point we are satisfied that the appellant was mistaken. A fairly large number of witnesses testified that the defendant came up the incline at an undue rate of speed. One of the witnesses said that the defendant was going at the rate of forty miles an hour. While this witness may be, and probably is, mistaken, it was evidence to submit to the jury. One or two of the witnesses say that the speed was exaggerated or that the defendant went very rapidly (*bastante ligero*). In an ordinary accident or homicide case it is impossible that the witnesses should give an accurate account of the speed. Long ago, in *Davis* v. *Mann*, 10 M. & W. 546, the word "smartish" was considered to mean "too rapidly." See also our decisions in *People* v. *Blandford*, 23 P. R. R. 580; *People* v. *Astacio*, 23 P. R. R. 783, and *People* v. *Torres*, 28 P. R. R. 102. The defendant gave a circumstantial account of how, in order to avoid the truck, it was necessary for him to put on speed and that in putting on speed he struck a telegraph post and was knocked off and struck the wall and that hence it was an inevitable accident. The district attorney points out that if the defendant was coming up grade into the city at a moderate rate of speed, he ought to be able to stop. The defendant insists that he was going at a moderate rate of speed and brought witnesses tending to show that the machine was incapable of going at the exaggerated speed described by the Government's witnesses. These and other matters should be determined by a jury, without a confusion of other questions like the condition of the brakes.

The appellant also alleges error in the examination of the chief of police, Fernández Quiñones. The latter testified that he was approaching Bayamón on the day of the accident and that about one kilometer away the defendant passed him going at a high rate of speed. To the question and answer in regard to this rate of speed before reaching Bayamón the

defendant objected and excepted. It was plainly erroneous
and prejudicial to admit this testimony. The rate of speed
at which a machine is going half a block away is ordinarily
no sign of the rate of speed at which a machine may be going
at the spot of the accident. The spot described by the chief
of police, as testified to and shown by the photographs, would
be in a part non-urban in its character and where a driver
is entitled to use a greater rate of speed. The effect on the
jury would necessarily be to give them the impression that
this defendant was rushing all the time, and it was prejudi-
cial error. To give a specific reference, a citation from 22
C. J. 750, is applicable:

"Evidence that a fact or event did or did not exist or occur at
a particular time, is not admissible to show that another fact or
event did or did not exist, or occur, at another time, unless the two
facts or occurrences are connected in some special way indicating
a relevancy beyond mere similarity in certain particulars."

The defendant took the stand in this case and testified
that he had four children of varying ages and a wife. It
was immaterial testimony and may have been introduced to
win the sympathy of the jury, but no objection was made
to it. Subsequently, on cross-examination, the district at-
torney asked, "Are you now living with your wife?" Objec-
tion was made to this question, but the court admitted the
answer. This was error. To submit a question of a con-
troversy, of the domestic relations of the defendant, was only
to confuse the issues and was entirely collateral. Subse-
quently the defendant was asked why he was not living with
his wife, but the court excluded that question. If this were
the only error in the case perhaps we should not consider
it prejudicial.

While it was not directly made the subject of exception,
the chief of police was allowed to testify that facts came

to his knowledge which caused him to make the arrest of the defendant. This was entirely immaterial testimony and had nothing to do with the case. It was more or less indirectly giving the opinion of the witness as to the guilt of the defendant, as the officer had said that he had made an investigation and arrested the defendant. The examination of police officers and others ought to be limited to the facts material to the issue that they themselves know, or to admissions or confessions. *People* v. *Valle, ante,* page 516.

There was also a motion for a new trial. While the affidavits on the alleged newly discovered evidence were not quite as clear as they might have been, it was apparent that the defendant, before the trial, could find no evidence to contradict the truck-driver, and that he discovered some tending that way after the said trial. This truck-driver testified that he stopped his machine before reaching Dr. Veve Street and would make it appear that the defendant, with a clear road, deliberately switched and ran on the sidewalk and struck the young woman. If the *fiscal* does not intend to rely on a defective brake, amending his information in this regard, and has no other evidence than that produced at the trial, the question to be submitted to the jury should be whether the rate of speed of the defendant was so negligent as to be the proximate cause of the accident causing death.

The judgment must be reversed and the case sent back for a new trial.

*Reversed and remanded.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.