COUNTY OF ERIE, Plaintiff, *v.* ADOLPH A. WEBER and Others, Defendants.

Supreme Court, Erie County, November 22, 1940.

*Paul J. Batt* [*Elmer R. Weil* of counsel], for the plaintiff.

*Harold J. Tillou,* for the defendants Montante.

CLINTON T. HORTON, Official Referee.   This is a condemnation proceeding brought by the county of Erie pursuant to chapter 758 of the Laws of 1937 and chapter 561 of the Laws of 1939.   All preliminary steps have been completed by the county and the proceeding was duly referred to the undersigned by order of the Hon. WILLIAM A. GOLD at Special Term on November 15, 1939.

The proceeding involves the taking of land and consequential damages, if any, resulting therefrom in the widening and changing of grade of the so-called River road running from the city of Buffalo to the city of Tonawanda, next to the abandoned Erie canal lands now owned by the county in the town of Tonawanda along the Niagara river.   The land actually taken is an irregularly shaped

parcel fifteen feet wide upon the north side, ninety-nine feet upon the east side along the westerly line of the River road as now laid out, nine and seven-tenths feet upon the south side, and ninety-nine and three-tenths feet upon the west side upon the canal blue line as shown on the following diagram:

A refreshment stand seventeen and five-tenths feet wide by thirty-one feet in length was located upon the parcel in question, a small part of which extended into the River road. The fee of the River road has never been actually conveyed by property owners to the county, but the plaintiff claims that the road was dedicated as a four-rod road as early as 1852 and has been continuously used and worked since that time. The defendants acquired the whole Parcel " A " set out in the above diagram by deed dated July 25, 1924, and are now entitled to any damages that may have been sustained by the taking of lands and change of grade of the road.

The plaintiff in this proceeding, through its attorney, has expressed its willingness to pay a fair compensation to the defendants Montante for the fair value of the above-described wedge-shaped parcel taken west of the highway and for the refreshment stand situate thereon, while the defendants Montante insist that they are entitled as well to consequential damages by reason of the change of grade in the highway which was substantially lowered adjacent to or passing through the defendants' property.

Both parties concede that no consequential damages for change of grade can be awarded for lands taken upon the west side of the road

as all of said lands owned by the defendants Montante were acquired by the county. The plaintiff insists that the change of grade can result in no consequential damages to defendants' lands upon the east side of the road because that is a parcel separate and distinct from the lands on the west side of the road, and in the absence of statute no damages for change of grade can be awarded unless some lands were actually taken. Defendants Montante concede that such is the general rule, but insist that the defendants' land must be treated as a whole and that where any part of such lands are taken, even though on one side of the road only, consequential damages to their lands upon the other side of the road may be awarded upon change of grade, even without the taking of lands upon that side.

The question to be determined is, therefore, whether a tract of land which has been conveyed in one parcel to the owner with a road running across it with right of user in the public, the fee remaining in the landowner, shall be deemed one parcel of land for the purpose of determining consequential damages, if any, on change of grade, or whether it shall be deemed to have been separated into two parts by the road so that each part becomes a separate parcel with no damages for change of grade in the road accruing to the land on the side of the road from which no part was actually taken by the county. So far as the court or counsel have been able to find, this question has never been passed upon by the courts.

There is no question that actual damage was done to the defendants' land upon the east side of the road by this change of grade. A large brick building known as the Sunset Inn is located upon the property immediately adjoining the highway and the lowering of the grade is a serious detriment to the property and its use as a hotel and the uses incident thereto, besides requiring a driveway to be cut on each side of the hotel in order to give access to the property as it was before the grade of the road was lowered. The plaintiff claims that this is *damnum absque injuria* and cites a long list of authorities supporting this claim. By the enactment of laws giving the right to damages in cities upon change of grade of streets, although no land has been taken, and by the enactment of an amendment to the Town Law giving the same right in case of town highways, the Legislature has recognized the injustice of the rule that property must be actually taken before damages can be awarded for change of grade in public roads. The rule, however, has not been extended by statute to State or county roads, and unless this court finds that the taking of the lands upon the west side of this highway gives rise to a claim for consequential damages upon the east side thereof, no such damages can be awarded here.

It seems to the court that in view of the fact that actual damage has been caused by this change of grade, and that the property for many years has been conveyed as one parcel from the blue line of the canal, it should be deemed as one parcel although the public has acquired a right of way through the land, the fee remaining at all times in the owner, and that, therefore, the defendants Montante here should receive an award for consequential damages to lands upon the east side of the road on account of the change of grade thereof. No authorities can be cited in support of this view because there are none passing upon this question. The doctrine of *damnum absque injuria*, however, is repugnant to one's sense of justice, and where the property involved, as here, partakes more of the nature of urban property in its improvements than of a rural nature, this court believes that justice will be done by applying the rule established by statute in urban communities rather than by clinging too strictly to the old rule of the common law when common sense and justice demand that the more modern view recognized by the Legislature should be adopted. The court, therefore, holds as matter of law that where as here a road passes through the real property of a man who retains the ownership thereof subject to the public's right of way, and the grade of the road is changed causing damage to the remaining property, the owner may recover for such damage to his whole property if any of his land has been taken on either side of the road. It might be said in passing that the change of grade has destroyed the sewer and water connections upon defendants' lands under the road in question.

Applying the rule thus established, the court finds the damage accruing to defendants as follows:

| | |
|---|---:|
| Lands taken on the west side of road............... | $300 00 |
| Value of refreshment stand taken by the county....... | 500 00 |
| Damages to sewer and water connections and consequential damages for change of grade.............. | 1,000 00 |
| Total....................................... | $1,800 00 |

Judgment may be entered in accordance with the above.