Michael Catalano, J.
The plaintiff seeks a preliminary-injunction pending the determination of this action enjoining the defendant from taking immediate possession of certain premises owned in fee by plaintiff. The Board of Supervisors of the defendant, by resolution passed September 20, 1960, authorized the taking under chapter 758 of the Laws of 1937, as amended, in order to build a free public library.
The principal action demands judgment declaring said statute unconstitutional, declaring all of defendant’s acts pursuant *756 thereto as unconstitutional, perpetually enjoining defendant from taking said property of the plaintiff unless just and adequate compensation he paid therefor.
The defendant intends to demolish the garage located on these premises and used by plaintiff in its hotel business in the City of Buffalo by hotel guests. The loss of these parking facilities would destroy a large segment of plaintiff’s hotel business and its public parking business, whereby plaintiff will suffer, allegedly great ánd irreparable damage. No compensation has been paid to the plaintiff as yet for such proposed taking.
On December 9, 1959, this court granted a preliminary order of condemnation in favor of this defendant and against this plaintiff pursuant to chapter 758 of the Laws of 1937, as amended (Erie County’s Special Condemnation Act) after the Board of Supervisors authorized it by resolution dated June 9, 1959. This plaintiff appealed said order to the Appellate Division, Fourth Department, on the grounds that the Condemnation Law of the State of New York was the only statute under which property could be taken for library purposes as authorized by the City-County Free Public Library Act (L. 1953, ch. 768). On July 1, 1960, the Appellate Division affirmed this condemnation order (County of Erie v. Lafayette Hotel Co., 11 A D 2d 903); on July 12, 1960, it denied plaintiff’s motions for leave to appeal to the Court of Appeals and for a stay of said condemnation order.
It is contended by the plaintiff that its right and opportunity to raise the question of unconstitutionality did not accrue until September 20, 1960 when the Board of Supervisors resolved: “ that pursuant to the provisions of Chapter 758 of the Laws of -1937, as amended, the County enter into immediate possession of the above described land or any part thereof and devote the same to the public use specified in the Petition, said public use being the acquisition of the above described property for the purpose of constructing a new library building.”
The condemnation act under attack is entitled, “ an act providing an alternative method for the county of Erie to acquire real property by condemnation before the supreme court without a jury” (L. 1937, ch. 758, as amd. by L. 1939, ch. 561). It consists of 17 sections, the pertinent ones are the following:
. Section 2 provides that the “ ascertainment of compensation or damages to be made to the owners of the real property to be acquired * *' * shall be conducted pursuant to this act. * * * and compensation shall be made to the owners *757 of the real property acquired in accordance with the provisions of this act.” (Italics supplied.)
Section 3, entitled, “ Application for condemnation,” provides for a proceeding to acquire real property and “ compensation ” to be paid to the owners.
Section 6 entitled, “ Hearing to determine compensation”, refers to “compensation,” “ just compensation,” and “total amount of compensation ” to be paid to owners.
Section 9 entitled, *6 Final decree ’ ’ states, in part, that: “In the event that an order shall be made discontinuing or abandoning the proceeding as a whole, or discontinuing or abandoning so much of the proceeding as relates to additional land, the court shall ascertain and determine the reasonable a/nd necessary expenses and disbursements incurred by each person who has appeared in the proceeding, either in person or by attorney, as provided in section three of this act * * * and such costs and expenses shall be paid to such person by the county.” (Italics supplied.)
Section 13 entitled, “ Payment of Awards,” states, in part, that: “In case the county shall have entered upon the land for which such compensation has been decreed prior to the payment of the compensation decreed, the county shall pay interest at the rate of four per centum upon the compensation decreed from time of such entry. * * * Upon making to the respective persons the compensation decreed to them or paying the same into court as aforesaid, the fee of the lands taken shall vest in the county ”. (Italics supplied.) The only reported case citing this Erie County condemnation act is County of Erie v. Weber (175 Misc. 328) but it does not directly consider its constitutionality.
The plaintiff contends that this act is unconstitutional because at any time prior to the granting of the final decree and the vesting of title to the lands in the county, the County Board of Supervisors may, by unilateral resolution, order the discontinuance or abandonment of the proceeding, leaving the plaintiff without power to collect any “ damages” as a result of the temporary taking, since any award for “ damages ” would be impossible. In other words, the expression used in section 9, namely, ‘ ‘ reasonable and necessary expenses and disbursements incurred by each person who has appeared in the proceeding” does not include or cover the “damages” sustained by such person.
At first blush, the plaintiff’s contention seems to have substance because “ expense ” means “ cost or money paid out,” *758 (Webster’s New International Dictionary [2d ed.]); “ disbursement ” means “ funds paid out,” (ibid.); whereas, “ damages ” means “ [t]he estimated reparation in money for detriment or injury sustained; compensation or satisfaction imposed by law for a wrong or injury caused by a violation of a legal right.” (Ibid.) Nevertheless, this act provides for “compensation” also, which means “ that which makes good the lack of variation of something else * * * as, compensation to dispossessed owners.” (Ibid.) Thus, as used in the act “compensation” is synonymous to “ damages.”
Viewed in its entirety, the act provides for the payment to injured land owners of “ compensation or damages ” (§§ 2, 3, 6, 13), “ expenses and disbursements ”, “ costs and expenses ” (§ 9), and “ interest ” (§ 13). When read toegther, the sections of the act adequately and justly protect the injured owners under each possible contingency.
The right of the condemnor to apply to the court for permission to abandon and discontinue condemnation proceedings has been long recognized. (See Condemnation Law, § 18, L. 1920, ch. 923; Village Law, § 321-j, L. 1934, eh. 768.) This is similar to the right described in section 9 of the Erie County Condemnation Act.
Section 24 of the Condemnation Law entitled, “ Temporary possession pending proceedings ” provides for a “ deposit with the court of a sum to be fixed by the court” whereas, section 10 of the Erie County Condemnation Act, entitled, “ Entry on land by county ” does not. This omission is not fatal.
The power of eminent domain is an attribute of sovereignty. (Society of N. Y. Hosp. v. Johnson, 5 N Y 2d 102, 106.) Constitutionally, the State has the power to take to itself for its own public use the absolute title to specific private property, provided the statute recognizes the absolute right of the owner, upon the taking of the property, to just compensation and makes provision for the prompt determination and payment of such compensation from the public funds, but compensation is not a condition precedent to a valid appropriation. (Kahlen v. State of New York, 223 N. Y. 383, 389. Followed: Pauchogue Land Corp. v. State Park Comm., 243 N. Y. 15, 24.)
The case of Matter of Commissioners of Palisades Interstate Park (216 N. Y. 104, 108), cited by the plaintiff, is distinguishable because there, “No express authority is given to the commissioners by the act under which they were appointed, to discontinue a proceeding commenced to acquire real property. ” (See, also, Matter of City of Syracuse, 224 N. Y. 201, 208.)
*759 Here, the plaintiff will not sustain any irreparable damage because it will be paid full and complete compensation in any event.
Our constitutional system provides for “ checks ” and “ balances ” between the three governmental departments. It is presumed that each will perform its duties, nevertheless, if a citizen believes himself aggrieved because of the action of the Board of Supervisors of Erie County, he may resort to the Supreme Court of New York for relief. It is one thing to say the board may abandon this condemnation proceeding of the plaintiff’s garage; it is another to say that full compensation will be denied in court.
The plaintiff retains title, under the act (§13), until the county pays the proper price. If the county takes possession and injures the freehold without ever taking title, the plaintiff will be adequately compensated; if the county takes possession and improves the freehold without ever taking title, the plaintiff will benefit thereby.
All legislation is presumed constitutional until proven otherwise. The condemnation act is in pari materia with the organic law found in the Federal Constitution (14th Arndt., § 1), stating in part, ‘ ‘ nor shall any State deprive any person of life, liberty, or property, without due process of law” and our State Constitution (art. I, § 6), stating: “ No person shall be deprived of life, liberty or property without due process of law ” and (art. I, § 7, subd. [a]), “Private property shall not be taken for public use without just compensation ”, all of which should be read together so that these constitutional provisions will give full meaning to the words in the act.
These are times testing whether free, democratic governments will survive the omnipresent oppression of Marxist communism. This court judicially notices that education in free society is being rocked from its foundations by the cry that communistic regimentation and force in the sciences will conquer the universe. Free public libraries are vital to progressive, dynamic education. In this day of multiple world crises inspired by the freedom haters, time is of the essence to build bigger and better public libraries and do it now. Motion denied, without costs.