In the Matter of the Application of the COMMISSIONERS OF THE PALISADES INTERSTATE PARK, Appellants, for Condemnation of Lands Situate in Rockland County.

HAVERSTRAW CRUSHED STONE COMPANY et al., Respondents.

Palisades Interstate Park — proceedings to acquire land therefor substantially the same as in other condemnation proceedings — after awards for lands and property rights taken have been confirmed by the court and no appeal taken, such awards cannot be vacated and proceedings discontinued.

1. The practice relating to the confirmation of the report in a proceeding by commissioners appointed under the Palisades Interstate Park Acts (L. 1900, ch. 170; L. 1906, ch. 691; L. 1910, ch. 361) to acquire the fee of certain lands for park purposes is substantially the same as under the provisions of the railroad and other acts relating to

condemnation, and where awards made by commissioners of appraisement have been confirmed by the Supreme Court upon motion of the park commissioners, and no fraud, mistake, misconduct, irregularity, judicial error or inequity in the proceeding is claimed and no reason exists for setting aside the order of confirmation except that the park commissioners have "changed their minds," the court has no power upon the application of such commissioners, made after the entry of the order of confirmation, to vacate such order and permit the park commissioners to discontinue the proceeding.

2. The awards, not being contingent nor in any way affected by express statutes, were vested as property rights as soon as the order of confirmation was granted and entered, and where there is no appeal from such order it is not only final as of its date, but final beyond the possibility of modification or reversal.

*Matter of Comrs. of Palisades Interstate Park*, 166 App. Div. 443, affirmed.

(Argued September 28, 1915; decided October 29, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 27, 1915, which reversed an order of Special Term granting a motion for leave to abandon and discontinue condemnation proceedings as to the appellants herein and vacating and setting aside a prior order which confirmed the report of commissioners of appraisement in said proceeding.

The question of law which the order granting permission to appeal to this court certified as one which ought to be reviewed by this court is, "Had the court below at Special Term the power to make the order appealed from?"

The commissioners of the Palisades Interstate Park were appointed pursuant to chapter 170 of the Laws of 1900. By such act they have power and authority to acquire lands by eminent domain, and they have such further power and authority as is granted to them by said act and the amendments thereto. (Laws of 1906, chapter 691; Laws of 1910, chapter 361.) A proceeding was commenced by them in 1912 to acquire certain lands for park purposes in the county of Rockland, and the owners

of the fee of said lands and the respondents as owners of leasehold interest therein were made parties to such proceeding. Commissioners of appraisement were appointed in said proceeding as provided by the act, and they awarded an amount as stated in their report to the owners of the fee, and to the respondents Haverstraw Crushed Stone Company, lessee, $210,000, and to Clinton Point Stone Company, lessee, $41,235. Said commissioners applied to the Special Term of Westchester county to confirm said report, and the owners of the fee of said property sought to be condemned and said respondents opposed such confirmation. An order was entered on the 16th day of January, 1914, confirming said report. From such order the owners of the fee and the respondents herein appealed. Thereafter and before the hearing of said appeals, the respondents pursuant to an order of the Appellate Division duly made upon notice, severally withdrew their appeals and immediately thereafter demanded of said commissioners payment of the awards made to them respectively by the appraisers. The commissioners thereupon applied to said Special Term for leave to abandon and discontinue the proceeding as against the respondents and the New York Trap Rock Company. The Special Term granted the order as prayed for by the commissioners upon their paying to the owners of said leasehold interests the costs and allowances theretofore granted to them and their counsel, together with a fair allowance for services upon the hearing provided for by the order, and also for the loss which they will sustain from the abandonment and discontinuance thereof.

By the order a referee was appointed to ascertain the amount of damages which each of the lessees will sustain and report to the court the proofs taken by him together with his opinion thereon.

Prior to the Special Term making the order permitting the commissioners to abandon and discontinue the proceeding as against the respondents, the Appellate Divi-

sion had heard the appeal of the owners of the fee and had affirmed the order of the Special Term confirming the report of the commissioners of appraisement.

*Edward W. Hatch* and *George A. Blauvelt* for appellants. The Supreme Court at Special Term had the power to make the order authorizing and permitting the abandonment and discontinuance of the proceeding as to the respondents. (*Matter of Commissioners of Washington Park*, 56 N. Y. 144; *Matter of Military Parade Ground*, 60 N. Y. 319; *Matter of Waverly Water Works*, 85 N. Y. 478; *Matter of Board of Street Opening*, 133 N. Y. 436; *Matter of White Plains*, 65 App. Div. 417; *Matter of City of Buffalo*, 189 N. Y. 163; *Matter of Low*, 208 N. Y. 25; *Matter of City of New York*, 163 App. Div. 11; *Bunyan v. Comrs. of Palisades Interstate Park*, 167 App. Div. 457; *Genet v. D. & H. C. Co.*, 113 N. Y. 472; *Matter of City of Buffalo*, 78 N. Y. 370; *Granger v. Craig*, 85 N. Y. 619; *Ladd v. Stevenson*, 112 N. Y. 325; *Matter of A. Chair Co.*, 134 App. Div. 863; 198 N. Y. 618.)

*Charles F. Brown* and *Henry W. Hardon* for Haverstraw Crushed Stone Company, respondent. The court had no power to grant the motion for leave to discontinue. (*Matter of R. & C. R. R. Co.*, 67 N. Y. 242; *Lent v. R. R. Co.*, 130 N. Y. 504; *Scheer v. R. R. Co.*, 127 App. Div. 267; *R. R. Co. v. Marshall*, 127 App. Div. 534; *City of Johnstown v. Wade*, 30 App. Div. 5; *People ex rel. Gas Light Co. v. Syracuse*, 78 N. Y. 56; *People ex rel. Reynolds v. Buffalo*, 140 N. Y. 300; *Matter of Comrs. of Washington Park*, 56 N. Y. 144; *People v. Adirondack Ry. Co.*, 39 App. Div. 34; *Stafford v. Mayor, etc.*, 7 Johns. 541.)

*Delavan A. Holmes* for Clinton Point Stone Company, respondent. The Special Term had no power to vacate

the judgment and grant the motion for leave to discontinue the proceeding. (*Matter of Comrs. of Washington Park*, 56 N. Y. 146; *Matter of Canal Street*, 11 Wend. 154; *Matter of Rhinebeck & Conn. R. R. Co.*, 67 N. Y. 242.)

CHASE, J. The commissioners have not abandoned their determination to take the fee of the property described in their petition commencing this proceeding, but for economic reasons stated in the papers on which they applied for the order of October 23, 1914, sought to abandon and discontinue the proceeding as against the respondents and thus allow them to continue in possession of their leasehold rights during the remainder of the terms under their leases respectively. No fraud, mistake, misconduct, irregularity, judicial error or inequity in the proceeding is claimed. The commissioners after voluntarily applying to the court to confirm the report of the appraisers and obtaining such confirmation simply "changed their minds." It would appear, therefore, that no reason exists for setting aside the order of confirmation which is recognized by statute (Code of Civil Procedure, § 724) or by the Supreme Court as inherent in its general jurisdiction.

No express authority is given to the commissioners by the act under which they were appointed, to discontinue a proceeding commenced to acquire real property. It is claimed by the respondents that section 3374 of the Code of Civil Procedure, so far as it relates to the abandonment and discontinuance of a condemnation proceeding, is applicable to a proceeding brought under the statute of 1900 and that as the appellants did not make the application to abandon and discontinue the proceeding as against the respondents until more than thirty days after the entry of the final order confirming the report of the appraisers the authority of the court to make the order appealed from had ceased by the express terms of the

Code provision. The respondents are clearly right in their contention if the Code provision is applicable to the proceeding under the special statute. It is unnecessary, however, to determine whether the Code provision is applicable to this proceeding or even as to the general power of the court over an order made or judgment rendered by it because we think it is established by the overwhelming weight of authority in this state that the awards not being contingent nor in any way affected by express statute, were vested as property rights in the respondents as soon as the order of confirmation at the Special Term was granted and entered. Upon the facts stated in the record the court had no power to make the order of the Special Term discontinuing the proceeding as against the respondents.

In *Matter of Commissioners of Washington Park* (56 N. Y. 144) the question under consideration was the right to discontinue a proceeding to take lands for park purposes before confirmation of the report of the commissioners of appraisal. The court held that no such rights are vested in the property owners as to prevent a discontinuance of the proceeding until the report of the commissioners is finally confirmed and there is a final award in the nature of a judgment in favor of the property owners for their compensation. Numerous authorities are cited in the opinion as sustaining the conclusion reached by the court.

In *Matter of Rhinebeck & Conn. R. R. Co.* (67 N. Y. 242, 245) the court in stating the question presented by the appeal say that it is " Whether after confirmation of the report of commissioners of appraisal, appointed in proceedings instituted by a railroad company, * * * to acquire lands for the use of the road, the company may abandon the proceedings and refuse to pay the award made to the owners, if for any reason it is not deemed for the interest of the corporation, or it elects not to complete the purchase,"

The court held that the confirmation of the report of the commissioners of appraisal "creates reciprocal rights between the company and the landowners and puts it beyond the power of the company thereafter to abandon the proceedings. The order of confirmation operates as a judgment binding both parties."

The court cited in confirmation of its conclusion *Matter of Comrs. of Washington Park (supra)*; *People v. Corporation of Brooklyn* (1 Wend. 318); *Martin v. Mayor, etc., of Brooklyn* (1 Hill, 545); *Hawkins v. Trustees of Rochester* (1 Wend. 53).

Under the act of 1900 title to the property sought to be taken does not pass to the commissioners until "The amount awarded for the same shall have been paid," as provided by the act. The order of confirmation, however, in compliance with the terms of the act not only confirmed the awards of the appraisers but expressly provided "That the respective amounts of compensation as ascertained and determined by said commissioners, and fixed by their report shall be paid by the Commissioners of the Palisades Interstate Park to the said owner or owners, person or persons to whom the same are awarded."

After the report of the commissioners of appraisement the appellants had ample opportunity to consider whether they would take the property for the award or refuse the same and ask leave and authority of the court to abandon the proceeding as against the owners of the leasehold interests. They not only moved to confirm the report, but remained apparently satisfied therewith while their application was under consideration by the court and until more than three months after the entry of the order of confirmation.

The court in *Matter of Rhinebeck & Conn. R. R. Co.* (*supra*, p. 247) further say: "It is not necessary, in order to conclude the corporation, that the title to the land should have become vested in it under the proceedings. It is sufficient if the right to acquire it, on payment of the award, is

fixed, and the duty of the corporation to pay the award is absolute. * * * The company, when the report of the commissioners is made, is apprised of the sum which it will be required to pay for the lands embraced in the report, and if the valuation is, in the judgment of the company, excessive, or if, for any reason, it is regarded for the interest of the corporation not to proceed further, it may decline to do so; but if the company elect to go on and apply for and procure a confirmation of the report, the relation of vendor and vendee is then established between the parties, and the company is bound to pay the awards."

In *People ex rel. Gas Light Company of Syracuse* v. *Common Council of Syracuse* (78 N. Y. 56, 59), referring to the *Commissioners of Washington Park* case and to the relative rights of municipal authorities seeking to condemn lands for public purposes and of property owners, including the power to discontinue the proceedings, the court say that the question was in that case fully considered, and "the result was reached that, up to the period when the owner had a fixed right to a particular compensation for his property, the municipal authorities might discontinue and abandon the proceedings; but after such compensation became unalterably fixed, property owners had a vested right to such compensation, and it would follow that payment could be enforced according to the statutes under which the proceedings were instituted. This may preexist the vesting of the title to the land in the municipal corporation, which, according to the Syracuse charter, did not occur until actual payment or tender. It is sufficient if the amount of compensation has been fixed as a finality.

"In the case cited, the statute provided for confirmation of the report of the Commissioners appointed to appraise the damages, and it was held that until confirmation the proceedings might be discontinued, but could not after that event."

A different rule has been adopted in some other states,

but no decision in this state has been called to our attention holding that a municipal or other corporation may after confirmation of the report of commissioners of appraisal abandon proceedings to acquire lands by condemnation and refuse to pay the award made to the owners because it is not deemed for the interest of the municipality or other corporation to complete the purchase.

The provision of the act of 1890 relating to the confirmation of the report by the Supreme Court (Section 11) is substantially the same as the provisions of the railroad and other acts relating to condemnation. The confirmation by the Special Term is final until set aside on appeal. Before the entry of the order appealed from at Special Term the appeal of the relators had been withdrawn and the order of confirmation was not only final as of its date but final beyond the possibility of modification or reversal on appeal.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the negative.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order affirmed.