LEHIGH VALLEY RAILWAY COMPANY, Plaintiff, *v.* JOSEPH F. KALB and Others, Defendants.

· (Supreme Court, Monroe Special Term, January, 1920.)

Condemnation proceedings — prior appropriation by state — judgments — default.

> Where a judgment and order appointing commissioners in a condemnation proceeding was taken on the failure of the attorney of a property owner to carry out instructions to contest the right of plaintiff to take defendants' property and it appeared that defendants at no time consented to the taking of the judgment and order, and that their proposed answer raises the question of necessity and the right to condemn, by reason of a prior appropriation of the land by the state, a motion to vacate and set aside the judgment and open the default will be granted.

MOTION to open judgment of condemnation.

John Van Voorhis' Sons (Eugene Van Voorhis, of counsel), for motion.

Hubbell, Taylor, Goodwin & Moser (Clarence P. Moser, of counsel), opposed.

RODENBECK, J.   The judgment of condemnation and the order appointing commissioners of appraisal in this proceeding were made upon default of former counsel of the defendants in that no answer was interposed to the petition.   It is claimed in the moving papers that the former counsel of the defendants was instructed to contest the right of the plaintiff to take their property and that the defendants at no time consented to the making of the judgment and order of which they complain.   The court under these circumstances has power in its discretion to open the default. One of the questions which the defendants desire to litigate is the question of necessity.   This is always open to litigation by property owners in these proceedings since the petitioner cannot acquire property that is not necessary for its purposes.   It is also claimed that the property had been previously appropriated by the state and that no award has been made thereunder.   If this be so the plaintiff is not in a position to institute these proceedings.   If the appropriation was approved by the canal board, the appropriation map filed by the state and notice served upon the defendants, the appropriation was complete (*Kahlen* v. *State of New York,* 223 N. Y. 383), the state was entitled to possession and the property owners to an award.   If the appropriation was regular and " complete," was necessary and not collusive, the state could not withdraw the appropriation and was bound to make compensation therefor.   *Kahlen* v. *State, supra.* It has never been claimed and could not be maintained that state officers other than the Court of Claims can pass upon the validity of an appropriation where the same is questioned and thus foreclose property owners from obtaining compensation from the state.   Under the *Kahlen* case there seems to be no way for the state to discontinue a proceeding or reduce an appropria-

tion under the Barge Canal Terminal Act (Laws of 1911, chap. 746), after the appropriation has been approved by the canal board, the appropriation map filed and the notice of appropriation served at which time the appropriation is " complete " under that decision. It would have done the property owners no harm and at the same time would have saved an enormous sum of public money to have held that under the statute the title did not vest until the award had been made or paid or until the statute of limitations had run against the property owners as had been held for nearly three-quarters of a century in this state under similar statutes but the Court of Appeals has said that the act of appropriation is " complete " at the time of the formal appropriation. It was a matter of statutory construction and has been decided against the contention of the state (see *Adirondack Woolen Co.* v. *State of New York,* 16 C. C. 1; 2 St. Dept. Rep. 380; *Kahlen* v. *State of New York,* 17 C. C. 103; 13 St. Dept. Rep. 62), and is the law on this subject. The state is thus in a worse position under that statute than a *quasi* public corporation having the right to condemn under the condemnation law under which the proceedings may be discontinued (Code Civ. Pro. § 3374), since the state must pay after the formalities of appropriation are complete, however unnecessary the lands may be by reason of an error in appropriation or a change of plan. The *Kahlen* case does not apply to a situation where the state has taken lands that are " unnecessary " under the constitution or where it has no right to condemn or where the appropriation is irregular and therefore not " complete " or where there is collusion and fraud but these are all judicial questions and not official questions to be determined by the *ipse dixit* of public officers other than the Court of Claims. The statute

should be amended to obviate the decision in the *Kahlen* case so as to permit the state to reduce an appropriation or discontinue it at any time before the award is made, upon making compensation for any damages that may have been sustained by property owners. The state now has the right to make a temporary appropriation and its action reducing or discontinuing an appropriation would amount to a reduction of a permanent appropriation to a temporary one. The complication that has arisen in this case could be easily solved if the state had the power to discontinue its proceeding. If the state has made an appropriation of the property of the defendants it has the right to possession and it has the means for enforcing possession while the property owners must have recourse to the Court of Claims for their compensation. If the appropriation made by the state should be held to be invalid the plaintiff would then be in a position to institute condemnation proceedings. While the appropriation by the state stands, however, the plaintiff cannot institute proceedings to acquire the land. The validity of the appropriation by the state should be determined before commissioners are appointed and this proceeding is continued.

The default of the defendants is, therefore, opened and the judgment and order complained of vacated and set aside.

Ordered accordingly.