In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title, etc., to Lands under Water, etc., for the Improvement of the Waterfront and Harbor, etc., between Simonson Avenue and Arrietta Street, Tompkinsville, Borough of Richmond, City of New York.

.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Second Department, June 9, 1922.

**Municipal corporations — city of New York — eminent domain — power of eminent domain may not be exercised by creature of State in respect to lands owned by State — Greater New York charter, § 822, does not confer on city of New York power of condemnation as to State-owned lands — eminent domain is attribute of sovereignty and unrestricted except by constitutional limitation — statutes in derogation of sovereignty of State strictly construed.**

The power of eminent domain may not be exercised by a creature of the State of New York with respect to lands owned by the People of the State, except in cases where such power is specifically delegated by the State.

38

The Legislature by enacting section 822 of the Greater New York charter did not confer the power of condemnation on the city of New York as to State-owned lands, either by express words or necessary implication.

The right of eminent domain is an attribute of sovereignty which requires no constitutional recognition and is unrestricted except by constitutional limitation.

Statutes in derogation of the sovereignty of a State must be strictly construed.

Appeal by the People of the State of New York from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Richmond on the 3d day of January, 1922, denying its motion to dismiss the proceeding as against it.

*Anson Getman, Deputy Attorney-General [Charles D. Newton, Attorney-General,* appearing specially, with him on the brief], for the appellant.

*Benjamin Catchings* for Frank C. Mebane, as receiver, appearing specially.

*Charles J. Nehrbas [John P. O'Brien, Corporation Counsel,* and *Henry W; Mayo* with him on the brief], for the respondent.

Rich, J.:

This proceeding was instituted by the city of New York to acquire title to certain lands and lands under water, upon which the city is now engaged in the construction of piers and wharves, along the shores of New York bay and between Arrietta street and Simonson avenue, Richmond borough, pursuant to a plan for the improvement of the waterfront with modern piers and wharves, and this appeal is from an order denying a motion of the Attorney-General, appearing specially, to dismiss as against the State of New York.

It appears that title to some of the lands sought to be acquired is in the State of New York. Section 822 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1915, chap. 597) provides: " The commissioner of docks, with the approval of the commissioners of the sinking fund, is authorized to acquire in the name and for the benefit of the city of New York any and all wharf property or any rights, terms, easements and privileges pertaining to any wharf property in said city that is not owned by the city or to which it has no right or title; and the said commissioner may acquire the same either by purchase or by process of law, as herein provided," and it is contended the authority of the city to take lands of the State in condemnation proceedings is found in this section.

The Attorney-General moved at Special Term for an order dismissing the proceeding so far as it related to lands described in the petition ·which are owned by the People of the State of New

York, on the ground that the proceeding cannot be maintained, and the denial of this motion presents the sole question for our determination. May the power of eminent domain be exercised by a creature of the sovereign with respect to lands owned by the People of the State, and did the Legislature in enacting the section in the Greater New York charter confer the power of condemnation on the city of New York, as to State-owned lands, either by express words or necessary implication? Both questions must be answered in the negative.

Section 86 of the charter requires that the city apply to the Commissioners of the Land Office for the grant of lands under water. It also gives to the owners of the adjacent foreshore a preferential right to acquire title thereto and requires the city before constructing wharves in front of the riparian proprietors to make just compensation to them for the value of their rights. Section 831 of the same charter provides that the Commissioners of the Land Office may convey to the city lands under water, but " nothing in this chapter shall be so construed as to remove or limit the powers and duties of the said commissioners as now conferred upon them by the statutes of the State and as prescribed in other sections and provisions of this act." To construe the charter so as to uphold the city's contention that it embraces the right to condemn lands owned by the State, would be to " remove or limit " the powers and duties of the Commissioners of the Land Office, as to which the Legislature has expressly provided that nothing in this chapter (charter) shall be so construed, and to establish a precedent contrary to all the fundamental rules in respect to the relations between the State and its creature, the city; and would result in constituting the creature of the State its master, and furnish judicial sanction for the seeming delusion that the creature of the State is greater than the sovereign.

The right of eminent domain is an attribute of sovereignty which requires no constitutional recognition and is unrestricted except by constitutional limitation. (*Kahlen* v. *State of New York*, 223 N. Y. 383, 391.) It enables the State to take *private* property for a *public* use on payment of just compensation. (See Const. art. 1, §§ 6, 7.) The State, however, through the Legislature, may and frequently does delegate the power to a municipal corporation, but statutes in derogation of the sovereignty of a State must be strictly construed. (*Smith* v. *State of New York*, 227 N. Y. 405, 410.) It was not the intention of the Legislature to grant to the city, through its charter, the right to condemn State lands, but on the contrary it expressly reserved to the Commissioners of the Land Office the right to grant said lands, and provided for pay-

ment by the city to the riparian owner of just compensation. (Greater N. Y. Charter, § 86.)

It follows that the order should be reversed on the law, and the proceeding dismissed as to the People of the State of New York, with ten dollars costs and disbursements.

BLACKMAR, P. J., JAYCOX and YOUNG, JJ., concur; KELLY, J., concurs in the result.

Order reversed on the law, and proceeding dismissed as to the People of the State of New York, with ten dollars costs and disbursements.