In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of CRUGER AVENUE, from Pelham Parkway North to Boston Road; HOLLAND AVENUE, from Pelham Parkway North to Boston Road; WARING AVENUE, from White Plains Road to Wallace Avenue, and PELHAM PARKWAY NORTH from White Plains Road to Wallace Avenue, in the Borough of The Bronx, City of New York.

Supreme Court, Bronx Special Term, December, 1922.

**Eminent domain — city of New York may acquire lands of state not appropriated to a public use for street purposes.**

The state acquired title to certain lands by foreclosure of a mortgage. The city of New York seeks to acquire these lands in fee for street purposes. The attorney-general moves to dismiss the proceedings in so far as they relate to these lands. *Held*, that the sections of the charter of the city of New York making provision for the laying out of streets by the city and delegating the power and prescribing the methods for acquiring the title necessary therefor were intended by the legislature to apply to lands owned by the state but not to lands acquired for or appropriated to a public use. Motion denied.

MOTION by the People of the State of New York to dismiss the above-entitled proceeding in so far as it relates to any land owned by the People of the State of New York, or in or to which such people have any right, title or interest.

*Charles D. Newton*, attorney-general (*Anson Getman*, deputy attorney-general, of counsel), appearing specially for The People of the State of New York, for the motion.

*John P. O'Brien*, corporation counsel of the City of New York (*Joel J. Squier* and *Charles A. Molloy*, of counsel), opposed.

TIERNEY, J. This is the familiar proceeding by the city to acquire title for the opening of several streets duly laid out upon the city map. The board of estimate and apportionment has authorized the acquisition of the land in fee. An order has been made that the damages be ascertained by the court without a jury. Part of the lands to be acquired for opening Waring avenue was mortgaged by the owner to the commissioners for loaning certain moneys of the United States, and on a foreclosure of the

mortgage was acquired by the state of New York. The attorney-general makes this motion to dismiss the proceeding in so far as it relates to this parcel. This land was not acquired nor is it held by the state for use for any public purpose. It merely awaits sale by auction to restore the fund which was diverted to a loan from these public moneys upon mortgage. It represents a security for this fund in place of the mortgage. If this proceeding had been brought while the mortgage was outstanding there would be no contention that the interest of the state as mortgagee could not be extinguished by such a proceeding as the present one. Now that the mortgage interest has been converted into a title in fee by foreclosure, it is contended that the city has lost the right to acquire the title necessary to the opening of the street and that this proprietorship by the state of land not acquired for or appropriated to any public use must stand as a bar to the progress of this public improvement until removed by the legislature. I am of the opinion that the sections of the charter of the city of New York making provision for the laying out of streets by the city and delegating the power and prescribing the method for acquiring title necessary therefor were intended by the legislature to apply to lands owned by the state but not acquired for or appropriated to a public use. In so deciding I am influenced by the fact that no other method for reaching so necessary a result appears to be provided by law nor has the attorney-general pointed out any remedy but resort to the legislature. This distinguishes this case from *Matter of City of N. Y. (Waterfront Improvement)*, 201 App. Div. 593, where the law specifically furnished a method for acquiring the property by application to the commissioners of the land office and the city attempted to condemn the same under the general power given in the charter to the commissioner of docks to acquire wharf property by purchase or process of law. The charter was construed as not intending to take jurisdiction from the commissioners of the land office and transfer it to the courts upon the city's application; and that construction and that only was affirmed by the Court of Appeals. *Matter of City of N. Y. (Waterfront Improvement)*, 234 N. Y. 562. Counsel have submitted interesting discussions of the decisions upon the question involved and of the general principles underlying the cases. It is conceded that the situation presented by this case has never been passed on by the Court of Appeals. Indeed it is impossible to reconcile the dissent from the latest decision of that court (hereinbefore cited) with the supposition that there had been any definite decision by the court of last resort on the point. There is no occasion for my going beyond the expression of my conclusion or anticipating a discussion

of the reasons and principles that will govern the decision of this question when it reaches the appellate courts. Let an order be settled on notice reciting the appearance of the attorney-general and the making of the motion and its denial. If a stay is desired pending the determination of an appeal I will grant it and counsel should agree upon its terms and incorporate the provision in the proposed order.

Ordered accordingly.