■ MINESTA REALTY CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38856.) — MEMORANDUM BY THE COURT. Appeal by

the State from a judgment of the Court of Claims awarding damages in an appropriation case. The reservation set forth in the original appropriation map and description is substantially identical with the language of the reservations in *Spinner* v. *State of New York* (4 A D 2d 987) and *Weber* v. *State of New York* (25 A D 2d 584) which, therefore, govern its interpretation. The State, after acquiring certain rights by filing the original map and description in the County Clerk's office, could not, almost three years later, modify and retransfer to the original owner, without its consent, some part of the title and rights thus acquired. The case was tried and defended very largely on strict questions of law and, perhaps, without sufficient factual evaluation by the trial court of the damages and we have concluded that, in the interests of justice, the issue of damages should be reconsidered. Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur; Aulisi, J., dissents and votes to affirm. Two questions are raised by the State on this appeal, (1) whether the reservation in its original appropriation reserved to claimant the right of access across the permanent easement appropriated and (2) whether the State can change its appropriation two years later by filing a corrected map and description. On the date of the appropriation of the permanent easement claimant owned a 6.82 acres tract of land. On one part of the land there was a warehouse which the claimant rented to International Business Machines Corporation. Access to the warehouse was secured by a long right of way across claimant's property connecting the warehouse with Latourette Lane. By filing an appropriation map and description with the Broome County Clerk, the State, under authority of the Flood Control Law (L. 1936, ch. 862, § 7, as amd.), on January 27, 1960 appropriated a permanent easement over an area of 0.473 of an acre which concededly severed the access right of way and cut the warehouse off from the road. In this original appropriation description the reservation read as follows: "Reserving, however, to the owners of the property, the right and privilege of using this property, identified as Parcel No. 559 providing the exercise of such right and privilege does not, in the opinion of the Superintendent of Public Works, or other authorized representatives acting for the People of the State of New York or its assigns, interfere with or prevent the uses and exercise of the rights hereinbefore described." On February 11, 1961 claimant commenced these proceedings in the Court of Claims. The State, subsequent to the original taking of January, 1960 had in fact severed the access road and commenced construction incident to the flood control project under the limited reservation of the original description. It was not until August, 1962 when the project was completed, that an altered right of way across the permanent easement was made available. On October 4, 1962 some time after this case appeared on the Trial Calendar of the Court of Claims, the State filed a second map which stated: "This is a correction map for the purpose of changing and limiting the definition of easement rights". This second map and description contained a substantially modified reservation which expressly reserved to the claimant the right "to reconstruct, maintain and operate the access road as altered by this project within the parcel as it existed on August 1, 1962." The State now contends that it has the power to unilaterally modify the damages suffered by a claimant by changing its appropriation two years and nine months after the original taking. The first question before this court is whether the original reservation in the description of January 27, 1960 or the reservation in the corrected description of October 4, 1962 is effective to determine the parties' title and

594

rights and thus the actual loss of access and the damages therefor. The State, after acquiring certain rights by filing of the original map and description in the County Clerk's office, could not, almost three years later, modify and retransfer to the original owners, without his consent, some part of the title and rights thus acquired (*Queensboro Farm Prods.* v. *State of New York*, 6 Misc 2d 445, affd. 5 A D 2d 967, affd. 5 N Y 2d 977; *Buffalo Val. Realty Co.* v. *State of New York*, 273 N. Y. 319; *Matter of City of Syracuse*, 224 N. Y. 201; *Kahlen* v. *State of New York*, 223 N. Y. 383; *Matter of County of Nassau [Gulf Oil Corp.]*, 14 A D 2d 577; *Matter of Corporation Counsel [Attorney St.]*, 186 App. Div. 669). It should also be noted that the only provisions in the Flood Control Law that countenance modification of an appropriation map and descriptions provide that such changes be made prior to the filing of any map or description in the County Clerk's office, that is, before the vesting of title in the State (§ 1307, subd. 5). It is, therefore, necessary to look to the reservation in the original map and description filed in 1960 to determine whether claimant's access right of way was indeed severed and its warehouse landlocked or whether the reservation effectively reserved to claimant a right of way over the permanent easement. It is my belief that the original reservation, quoted above, cannot be distinguished from reservations which we have previously held failed to adequately reserve access to owners (see *Weber* v. *State of New York*, 25 A D 2d 584; *Morton* v. *State of New York*, 8 A D 2d 49, app. dsmd. 6 N Y 2d 993, mot. for lv. to app. den. 7 N Y 2d 708; *Spinner* v. *State of New York*, 4 A D 2d 987). There seems to me no reason to disturb the award of damages and I therefore vote to affirm.