18 N.Y.2d 741 (1966)
In the Matter of the City of New York, Respondent-Appellant, Relative to Acquiring Title to Property in the Boroughs of Manhattan and Queens. Fifth Avenue Coach Lines, Inc., et al., Appellants-Respondents. (Consolidated Proceedings.)
Court of Appeals of the State of New York.
Submitted September 19, 1966.
Decided September 29, 1966.
All concur except Chief Judge DESMOND and Judges BERGAN and KEATING, who dissent and vote to deny the motion in a memorandum.
All concur except Judge KEATING, who dissents and votes to grant the motion because of the decision by the majority of the court to grant the motion of appellants-respondents to amend the remittitur.
MEMORANDUM:
Motion of claimants to amend the remittitur granted. Return of remittitur requested, and, when returned, it will be amended as follows:
*742 Order modified, and, as so modified, affirmed, with costs to the claimants, and the case remitted to Special Term for entry of final judgments for the amounts heretofore awarded for the tangible assets and for further proceedings in accordance with the opinion heretofore rendered, such proceedings to be severed from all prior proceedings had herein.
By its opinion, this court made it clear that the claimants were entitled to immediate payment of the award made below for the tangible property taken and that there was to be a further hearing with respect to the additional award for "going concern" value to which we held the claimants were also entitled. In view of the city's contention that section B15-21.0 of the Administrative Code prevents the entry of a separate partial decree directing payment of the award already made, we find it necessary to grant the claimants' motion to amend our remittitur and make even more explicit our meaning.
It is enough to point out that the Administrative Code provision relied upon by the city has no application to the case before us.
Section B15-21.0 of the Administrative Code does not bar, as the city contends, the entry of a judgment directing payment of the award for the tangible assets. The 1962 amendment to General City Law (art. 2-A, § 20), pursuant to which this transit system was taken, provides that "Except as herein otherwise prescribed, the procedure for ascertainment of the compensation to be paid to the owners of property and franchises, if any, so acquired shall be, so far as practicable, the procedure governing the acquisition by such city of real property located in such city." (Emphasis added.)
The only section of the Administrative Code which prevents a court from rendering a separate and partial decree is section B15-21.0. But that provision is expressly limited to "real property" and, in practice, rests upon the entire taking being "subdivided into parcels" (subd. b). Obviously, buses and going concern values which are related to buses, personnel, real estate, franchises, etc., cannot be so "subdivided." It is self-evident, therefore, that section B15-21.0 was never designed for and is simply not applicable to the taking before us.
On the other hand, claimants should not be denied a separate partial judgment in the present proceeding, for to do so would unnecessarily delay payment of an award already held to be due *743 and owing and would thereby impose upon claimants an undue hardship. When the validity of the 1962 amendment was considered in a prior proceeding, the city assured this court that (1) the amendment was constitutional because it provided for "certain and prompt * * * payment of just compensation", and that (2) such constitutional mandate would be complied with. (Fifth Ave. Coach Lines v. City of New York, 11 N Y 2d 342, 343 [1962].) The city's continued resistance to payment on alleged statutory grounds  four years after the taking  borders on the verge of giving the amendment of 1962 an unconstitutional construction (Rexford v. Knight, 11 N.Y. 308 [1854]; Kahlen v. State of New York, 223 N.Y. 383, 389 [1918]) and it is directly contrary to the representation given to this court that prompt payment would be made.
Accordingly, judgment reflecting the award for the tangible assets should now be entered and payment therefor made, subject, of course, to any lawful claims existing against such award. Only by making adequate provision for prompt payment without unreasonable delay do we ensure that the taking does not contravene or violate the claimants' right to due process of law guaranteed by our Constitution (N. Y. Const., art. I, §§ 6, 7).
Chief Judge DESMOND and Judges BERGAN and KEATING dissent in the following memorandum: We perceive no warrant for this court, in the first instance, interpreting a statute which has not been passed on in the courts below. Whether the claimants are entitled to partial payment at the present time is a question for the discretion of the Special Term. But if the statute (Administrative Code, § B15-21.0) is considered, we read it as prohibiting the entry of a partial decree.
The pertinent Administrative Code section concededly deals with real property and, although the partial judgment involved herein deals with more than real property alone, the enabling law pursuant to which this property was taken (General City Law, art. 2-A, § 20) provides that the procedure to be followed shall be "so far as practicable" the same as the procedure governing the acquisition by the city of real property. This is a clear recognition that the procedure shall apply to more than real property alone. Moreover, there is no showing that the procedure is not, in this instance, practicable.
Additionally, we would note that there is simply no basis for inferring that the city has arbitrarily delayed the payment of *744 just compensation. While the taking did indeed occur four years ago, the claimants, as well as the city, have sought review by the higher courts, and the cross appeals to this court were only argued on February 22, 1966 and decided on July 7, 1966 (18 N Y 2d 212). The claimants receive their full measure of constitutional compensation by the addition of interest for any delay in payment.
We would, therefore, deny the claimants' motion to amend the remittitur on the grounds that (1) the statute prohibits such partial payment and (2), even if the statute be not so construed, a request for partial payment should be addressed to the sound discretion of the Special Term.
Finally, as an absolute minimum, no such sweeping decision involving statutory construction in a case of unusual public interest should be made on a motion to amend the remittitur, without adequate consideration of the important questions presented here. The issues here raised should be set down for oral argument during our next session.
Motion by respondent-appellant for reargument denied.