Minesta Realty Co., Inc., Respondent, *v.* State of New York, Appellant. (Claim No. 38856.)

Third Department, March 11, 1968.

*Louis J. Lefkowitz, Attorney-General* (*Julius L. Sackman* and *Ruth Kessler Toch* of counsel), for appellant.

*Kramer, Wales & Robinson* (*Donald W. Kramer* of counsel), for respondent.

Gabrielli, J. The State appeals from a judgment of the Court of Claims awarding damages for an appropriation. The case was before us on a prior appeal. (26 A D 2d 592.)

The claimant was the owner of a parcel of land consisting of 6.82 acres, the rear portion of which was leased to International Business Machines Corporation and upon which it had a warehouse to which access was provided over a right of way from Latourette Lane. The State appropriated a permanent easement containing 0.473 of an acre which actually severed the access right of way and effectively cut off the warehouse from the road. For the taking of a temporary easement, the court awarded $5,600 which is not questioned by the State. For the taking of

the permanent easement direct damages in the sum of $3,784 and consequential damages in the sum of $138,926 were awarded. While the State has no quarrel with the formula used by the trial court, it seeks a modification of the judgment to reflect the amount of damages sustained by reason of a claimed lessening of the damages when it later filed a " corrected " appropriation map.

It appears that the original appropriation map was filed by the State on January 27, 1960 which took the easements we have herein described. Thereafter the State did, in fact, sever the access road and commenced the construction of its project which was completed in August, 1962. Some 2 years and 9 months after the appropriation (and after the case was on the calendar for trial) the State filed a second map which provided that " This is a correction map for the purpose of changing and limiting the definition of the easement rights " and which contained modified rights concerning the access road and by the terms of which the claimant's damages were allegedly lessened inasmuch as the " correction map " provided that it would now have the right " to reconstruct, maintain and operate the access road as altered by this project, within the parcel as it existed on August 1, 1962 ".

While the State does not effectively or otherwise argue or question the amount of the damages found by the trial court if based on the original taking, it now says that the award should be reduced for the sole reason that it had the right to effect a partial discontinuance of the taking and by filing a " correction map " it can unilaterally modify the legal effect of the taking, despite the resultant vesting of title, and thus reduce the damage.

When this case was before us on the prior appeal (26 A D 2d 592, 593, *supra*) we determined this issue and stated that " The State, after acquiring certain rights by filing the original map and description in the County Clerk's office, could not, almost three years later, modify and retransfer to the original owner, without its consent, some part of the title and rights thus acquired ". While the case was sent back for a new trial because of the insufficient evaluation of damages by the trial court, the issues presently raised were then squarely decided in favor of the claimant.

There is and can be no quarrel with the fact that when the appropriation map was originally filed, title irrevocably vested in the State. In fact the State concedes that when the original map was filed " the State appropriated a permanent easement over an area of 0.473 of an acre which apparently severed the access right of way ".

Although our previous determination in this case appears to be the "law of the case", we point out that once title has become vested in the State, the condemning authority is powerless to rescind the appropriation (*Kahlen* v. *State of New York,* 223 N. Y. 383), neither can it amend or alter the taking (*Queensboro Farm Prods.* v. *State of New York,* 6 Misc 2d 445, affd. 5 A D 2d 967, affd. 5 N Y 2d 977), nor can it thereafter substitute a new access highway in lieu of damages after depriving the claimant of his original access (*Matter of Corporation Counsel of City of N. Y.* [*Attorney St.*], 186 App. Div. 669). (See, also, *Matter of Commissioners of Palisades Interstate Park,* 216 N. Y. 104; *Matter of City of Syracuse* [*Sewage Disposal Works*], 224 N. Y. 201.) What the State now attempts to do is to recast a conveyance and bargain anew which, under these facts, it cannot do.

In support of the State's position our attention has been called to *Terrace Hotel Co.* v. *State of New York* (19 N Y 2d 526) wherein the State successfully moved to dismiss a claim for the appropriation of a negative easement after a map had been filed. It contends that in that case it was actually permitted to discontinue the proceeding, but we point out that in *Terrace* title never vested in the State for it was clearly held that its attempt to appropriate the negative easements was illegal. There the court pointedly stated that what had been attempted was the taking of a noncompensable property interest for which the State could not be constitutionally obligated to pay. Here, legal title had vested in the State before it attempted to "retransfer" some of the title and rights acquired. In the context of the theory of discontinuance, we view *Terrace* to have concerned itself with the right of courts to indemnify a landowner for legal expenses to which he has been unnecessarily put under the facts therein outlined.

In the case presently under review, claimant's right to compensation constitutionally vested when the original appropriation map was filed since the State acquired title at that time. Its damage had accrued and become fixed. To permit the State to change its sovereign mind in the face of inflexible property rights would violate the acknowledged existence of elementary and irrevocable rights to title and property thus opening the door to an instability which ought not logically or legally be inflicted upon this area of the law.

The judgment should be affirmed, with costs.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment affirmed, with costs.