■ In the Matter of OSSINING URBAN RENEWAL AGENCY, Appellant, v ELISSA LORD et al., Defendants, and PINE TOP BUILDING CORP., Intervenor-Respondent.—In a condemnation proceeding in which the issue whether a certain easement had been extinguished was submitted to the court by means of a submission of controversy pursuant to CPLR 3222, the plaintiff condemnor appeals from an order of the Supreme Court, Westchester County, dated October 3, 1974, which (1) granted the application of Pine Top Building Corp. for leave to intervene as a party defendant, (2) provided that the easement in question had been extinguished by reason of the condemnation and (3) directed the commissioners of appraisal to ascertain the compensation to which the intervenor is entitled by reason of such extinguishment. Order reversed, on the law, without costs, and the submission of controversy is dismissed, with leave to the parties to pursue such remedies as they may deem advisable. The question presented by this appeal is whether an easement had been extinguished by reason of the failure of the condemnor to state in its petition that the subject property was being condemned subject to that easement. The holder of the easement was not made a party to the condemnation proceeding, but has sought leave to intervene. Upon our consideration of the stipulated facts, we are of the view that this submission of controversy is insufficient for the purposes of a determination. We note that while the condemnor contends that it was its intention to take the premises subject to the easement, there is nothing in the stipulation of facts which supports that contention; nor is there a basis, upon the facts submitted, which would permit us to infer such an intention. Moreover, since the question posed by the parties is public in character, and involves public policy, a submission of controversy is not the proper vehicle for the determination of the rights of the parties (cf. *Manhattan Stor. & Warehouse Co. v Movers & Warehousemen's Assn. of Greater N. Y.,* 289 NY 82, 86; *Cohen v Manufacturers Safe Deposit Co.,* 297 NY 266, 269; see, also, *Central Hudson Gas & Elec. Corp. v Newman,* 35 AD2d 989). Hopkins, Martuscello and Shapiro, JJ., concur; Gulotta, P. J., dissents and votes to affirm the order, with the following memorandum, in which Rabin, J., concurs: This appeal involves the question of whether plaintiff's taking in condemnation of Elissa Lord's property, over which respondent Pine Top Building Corp. had an easement of ingress and egress, without any provision being made in the petition or order for excluding said easement from the taking, extinguished the easement, thus entitling Pine Top to compensation. The statute under which plaintiff acted, subdivision 2 of section 555 of the

General Municipal Law, reads as follows, in relevant part: "Notwithstanding the provisions of any general, special or local law or charter provision applicable to the acquisition of real property by condemnation, in any condemnation proceeding brought by an agency or a municipality for and on behalf of an agency to acquire property in an urban renewal area the agency * * * may file * * * a declaration * * * that the property * * * is being taken in connection with the carrying out of an urban renewal program." The subdivision continues: "Upon filing such declaration and the deposit, in the court in which the proceeding is pending, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in such declaration, *title in fee simple* to such property *shall vest* in the petitioner and the right to just compensation shall vest in the persons entitled thereto" (emphasis supplied). The requisite declaration was filed and the condemnor duly paid into court the sum of $140,000 as its estimate of the reasonable value of the property so condemned, thus rendering the taking complete and absolute. This procedure is to be distinguished from a proceeding under section 15 of the Condemnation Law, which makes vesting contingent upon the payment of compensation. Contrary to appellant's contention, the necessity and expediency of a taking of property for a public use are legislative questions; a hearing thereon is not essential to due process under the Fourteenth Amendment of the United States Constitution. It is only with respect to compensation that an owner is entitled to notice and an opportunity to be heard *(North Laramie Land Co. v Hoffman,* 268 US 276, 284). Therefore, the failure of the condemnor to join Pine Top as a party to the proceeding did not invalidate the taking as to Pine Top. No difficulty is presented with respect to notice as to compensation since Pine Top voluntarily sought, and was granted in the order under review, the right to intervene on that question. This point was also dealt with in *Buffalo Val. Realty Co. v State of New York* (273 NY 319), which is a stronger case than this in that the statute there involved (The Grade Crossing Elimination Act) provided for vesting *after* service of notice. The notice had not been served on the proper party due to an error by the Attorney-General in certifying the true owner. The owner nevertheless filed a claim; it was held that title had vested in spite of the error and that the State could not impugn its own actions and could not avoid paying the award. Equally untenable is the position that the condemnor be permitted to rescind what it has done, or, by a showing of its subjective intentions, detract from the written record of what it actually did. In *Wolfe v State of New York* (22 NY2d 292, 295) it was said: "accordingly, we concern ourselves only with the question posed thereby, namely, whether the State may change the terms of the appropriation, or modify its original taking, by filing a correction map or adopting some other procedural device, so as to mitigate the consequences to the owner and reduce the compensable damages to be paid. The answer to the question must be in the negative. The amount of damages to which the claimant is entitled as the result of an appropriation is to be measured and fixed as of the time of the taking. (See, e.g., *Jackson v State of New York,* 213 NY 34, 36; *Kahlen v State of New York,* 223 NY 383, 390; *Queensboro Farm Prods. v State of New York,* 6 Misc 2d 445, affd 5 AD2d 967, affd 5 NY2d 977; *Minesta Realty Co. v State of New York,* 26 AD2d 592.) 'Once the land is actually taken,' the court wrote in the *Kahlen* case (223 NY 383, 390, *supra),* 'the owner cannot be compelled to take it back' ." The case of *Matter of City of Syracuse* (224 NY 201), which concerned a condemnation for sewer purposes under a special statute, which, like ours, provided for a vesting of title without the prior fixing and payment of

compensation, holds that the city may not discontinue such a proceeding after the vesting of title and before payment of compensation, and that an order authorizing it to do so would be improper. Therefore, I do not believe that we need reach the question of the adequacy of the submission, but, were we to do so, I do not think that, even as a concession to plaintiff's status as a public agency, we could do any more than permit it another opportunity to prepare a proper record, rather than concede this a successful appeal by reversing the order appealed from. Thus I vote to affirm the order appealed from.