James 0. O’Brien, J.
The city has condemned real property now pr formerly owned by claimant-respondent Minnie Green-berg, located at 192-196 Joseph Avenue, Rochester, New York, and on this trial both parties gave evidence as to the value of the property.
*983 By its judgment and order of condemnation, the City of Rochester was awarded possession of this property “on or about June 30th, 1961 ”, and by the ordering terms thereof the claimant, Minnie Greenberg, was ordered and directed to deliver and surrender possession of the property to the City of Rochester on or before June 30, 1961. The city claims that she did not in fact surrender possession of the property on that date.
It has shown that on or about October 2, 1961, part of the building on the premises collapsed and the city claims that it was upon that date and after the partial collapse of the building, that the city first took possession of the premises.
The cause of the collapse of the building was not established upon the trial but both the real estate experts, i.e., the one called by the city and the other brought forward by the claimant testified that after the collapse of the building the only value remaining was that of the land, itself, and that on and after October 2, 1961, the building had no value whatsoever.
The claimant is, naturally, anxious to receive compensation which would include the value of the building, and, therefore, contends that the valuation date is June 30, 1961. I have come to the conclusion that in this contention she is correct.
The city established, and the claimant admits, that on or about June 30, the two stores on the ground floor of the building had been vacated; a small building in the rear, which formerly had been occupied as an apartment, was also vacated, but there were two upstairs apartments, both inhabited and tenanted, on June 30, 1961, and continuously so up to the date of the collapse, October 2, 1961, and that the rental, which was $50 a month for each apartment, apparently the rent due on the first of July, the first of August and the first of September, amounting to approximately $300, was collected by the claimant from the tenants. The city contends that this is incontrovertible evidence that Minnie Greenberg, the claimant, remained in possession and control of the property. With this I cannot agree.
I have concluded that the principal and deciding consideration is the language of the judgment and order by which the city became entitled to possession and, ultimately the fee of the property. That order specifically provided not only that the city was entitled to possession on June 30, 1961, but specifically ordered and directed Minnie Greenberg to deliver possession to the city on that date. I have concluded that the city in fact had possession on and after that date although Mrs. Greenberg collected the rents and I have concluded that the rents she did collect in fact are the property of the city and must be by her returned to the city.
*984 Matter of Westchester County (204 Misc. 1031, affd. 285 App. Div. 1169) holds that the date of valuation is the date of taking or the date in which possession was granted, whichever first occurs. In this case, since the city had possession on June 30, 1961, I have determined that such is the valuation date. The authority cited by petitioner, Redevelopment Agency v. Maxwell (193 Cal. App. Div. 2d 414) is not in conflict but in effect arrives at the same conclusion.
It is now necessary to determine the valuation of the condemned property on June 30, 1961. The total assessed value is $7,500. The city’s expert gives a total value of $15,022 of which $9,892 he fixes as the value of the improvements. The claimant’s expert gives a total value of $29,500, $9,700 of which he gives as the value of improvements. It is manifest that there is little difference between them as to the value of the building on the property.
Claimant’s expert values the land (6,600 square feet) at $3 a square foot; the city’s expert values it at $1 a square foot, viz.: $6,600. In my opinion the land is fairly worth $1.50 a square foot, $9,900. If to this be added the value of the" improvements on June 30, 1961, as testified by the claimant’s expert, viz.: $9,700, we arrive at a total figure of $19,600, from which should be subtracted the $300 rent to which the city is entitled, and the net remainder, viz.: $19,300 should be paid to claimant, together with interest thereon from June 30, 1961, plus costs, including an extra allowance of 3% of the valuation found.