CHESTER LITHO, INC., et al., Respondents, *v.* PALISADES INTERSTATE PARK COMMISSION et al., Appellants.   (Claim Nos. 42607, 45334, 42599.)

Third Department, December 4, 1969.

*Louis J. Lefkowitz, Attorney-General* (*Julius L. Sackman* and *Ruth Kessler Toch* of counsel), for appellants.

*David Marcus, Elliott Wilk* and *John E. Watkins, Jr.,* for respondents.

STALEY, JR., J.   These are appeals by the Palisades Interstate Park Commission and the State from three judgments of the Court of Claims, entered on October 5, 1967, one in favor of claimant Chester Litho Corp. in the sum of $313,987.81, one in favor of claimants Morris B. Weintraub and Harry Weintraub in the sum of $202,847.38, and one in favor of claimant Chester Litho Corp. dismissing the counterclaims and affirmative defenses of the defendants and insofar as the dismissal of the claim was without prejudice to claimants' rights.

On June 17, 1963 the Palisades Interstate Park Commission and the State of New York (hereinafter collectively referred to as the " State ") appropriated a 28.11-acre parcel of land with the improvements thereon pursuant to section 676-a of the Conservation Law.   The appropriated property was owned by claimants Morris B. Weintraub and Harry Weintraub, and was improved with a building which was leased to claimant Chester Litho Corp. for a period of 10 years commencing January 1, 1960 with two five-year options to renew.   The corporation was wholly owned by the fee owners.   The plant was equipped with machinery and equipment necessary to operate a lithography plant which fixtures remained the property of Chester Litho Corp. until the appropriation.   After the date of the appropriation, the tenant remained on the premises and continued to operate the lithography plant until July 9, 1963 when the building and fixtures were severely damaged by a fire.

The award to the claimants Weintraub was for the value of the land and building at the time of the appropriation, and the award to the tenant was for the value of the attached improvements and fixtures owned by the tenant at the time of the appropriation.   The State counterclaimed for the value of the building and fixtures destroyed by the fire, and alleged that such damage was the result of the negligence of the claimants.

There are two main questions raised on this appeal.   The first question is the measure of damages for improvements taken at the time of the appropriation and later destroyed by the fire when the condemnee is rightfully in possession of the property after title has passed to the State, and the second question is whether or not the State has proved that the improvements were destroyed by the negligence of the claimants.

The tenant filed claims with its insurance companies for losses of personalty sustained by reason of the fire and, since the losses in stock, supplies and other personalty, excluding any machinery, far exceeded the insurance coverage of $135,000, the policy limit

was paid in full. There is no proof in the record of any payment by the insurance companies for any of the items held by the trial court to be compensable fixtures, nor was there any proof offered by the State as to the fair market value of these fixtures. The only direct valuation proof before the trial court with respect to the fixture claim was the testimony of claimants' expert appraiser. The trial court found that the fixtures involved were annexed to the real property with the intention that they remain permanently fixed. The trial court properly based its fixture award on the only competent evidence before the court.

Pursuant to the provisions of subdivision 8 of section 676-a of the Conservation Law, title to the subject property vested in the State on June 17, 1963 the date on which the requisite description, certificate, notice and approval were filed with the County Clerk. On that date the appropriation was complete, and claimants' right to compensation for the property appropriated accrued and the amount of damages became fixed. (*Wolfe* v. *State of New York*, 22 N Y 2d 292; *Kahlen* v. *State of New York*, 223 N. Y. 383; *St. Patrick's Church* v. *State of New York*, 30 A D 2d 473; *Minesta Realty Co.* v. *State of New York*, 29 A D 2d 335.)

The determination of the issue of who bears the risk of loss of condemned property as between the condemning authority and the condemnee is based upon the time of transfer of title or possession to the condemning authority. If either event precedes the date of the loss, the risk is borne by the condemnor. The date of valuation, therefore, is the date of the vesting of title or the date on which possession is taken, whichever first occurs. (*Matter of County of Westchester*, 204 Misc. 1031, affd. 285 App. Div. 1169; *Matter of City of Rochester* v. *Greenberg*, 40 Misc 2d 982; cf. General Obligations Law, § 5–1311, subd. 1, par. [b]; *Kings Ridge Elec. Corp.* v. *LaBella*, 31 A D 2d 821.)

The State held title to the subject property with the annexed fixtures at the time of its destruction by fire; it also had an insurable interest in the property at that time; and the risk of loss following vesting of title must be imposed on the State.

The State's reliance on *La Porte* v. *State of New York* (6 N Y 2d 1) and *Great Atlantic & Pacific Tea Co.* v. *State of New York* (22 N Y 2d 75) is not well founded. In those cases it was merely held that the State could validly deny interest payments on the accrued claim for periods when the owner had the full beneficial use of the property and that an award for a temporary easement was improper where possession was undisturbed. They

in no way relate to the valuation date for the measure of damages for property taken by reason of an appropriation.

The State, in its counterclaim, alleging that the fire was the result of the tenant's negligence, claimed damages in an amount equal to the value of the building and the fixtures located therein as proven by the claimants. The trial court dismissed the counterclaim at the end of the trial holding that the State had failed to sustain its burden of proof that the fire was the result of claimants' negligence.

The State contends that claimants were responsible for violating the Industrial Code and certain rules and regulations of the Board of Standards and Appeals. The trial court refused to find that the provisions of the code and the rules allegedly violated were in any way applicable to the State's allegations of negligence, or that there were in fact any violations of the code or such rules, or that if there were any such violations, they were not the proximate cause of the fire.

The rules and regulations allegedly violated were promulgated solely for the physical protection of individuals, and have no relevance to the issue of liability for damage to property. The violation of a statute, rule or regulation may only be negligence, or the evidence thereof, as to the class intended to be protected by the particular statute, rule or regulation. (*Van Gaasbeck* v. *Webatuck Cent. School Dist. No. 1,* 21 N Y 2d 239; *Di Caprio* v. *New York Cent. R. R. Co.,* 231 N. Y. 94.) Both the Labor Law and the Industrial Code promulgated thereunder are intended to protect from physical injury certain individuals and not the owners of real or personal property. (*Major* v. *Waverly & Ogden,* 7 N Y 2d 332; *Schnur* v. *Shanray Constr. Corp.,* 31 A D 2d 513.)

Violation of an administrative rule or regulation is never negligence per se, but rather it is merely some evidence of negligence which may be considered by the trier of the facts. (*Conte* v. *Large Scale Development Corp.,* 10 N Y 2d 20; *Major* v. *Waverly & Ogden, supra.*) The issue of negligence presented to the trial court questions of fact which were determined in favor of claimants and should not now be disturbed. (*Schoonmaker* v. *State of New York,* 32 A D 2d 1005.)

The judgments should be affirmed, with one bill of costs.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Judgments affirmed, with one bill of costs.