■ WALTER NICHOLSON et al., Respondents, v SOUTH OAKS HOSPITAL et al., Appellants. [811 NYS2d 770]—

In an action, inter alia, to recover damages for wrongful death and medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated October 14, 2004, as denied that branch of their motion which was, in effect, to dismiss the individual cause of action asserted by the plaintiff Walter Nicholson to recover damages for loss of consortium and denied those branches of their motion which were to dismiss the causes of action to recover damages for negligence based on the doctrine of res ipsa loquitur and to recover damages for negligence based on the doctrine of negligence per se.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were, in effect, to dismiss the individual cause of action asserted by the plaintiff Walter Nicholson to recover damages for loss of consortium and to dismiss the cause of action alleging negligence based on the doctrine of negligence per se, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The individual cause of action asserted by the plaintiff Walter Nicholson to recover damages for loss of consortium should have been dismissed, as Nicholson was not married to the decedent at the time of the alleged negligence of the defendants or at the time of the decedent's death (*see Anderson v Eli Lilly & Co.*, 79 NY2d 797, 798 [1991]; *Cliquennoi v Michaels Group*, 178 AD2d 839, 841 [1991]; *Lesocovich v 180 Madison Ave. Corp.*, 165 AD2d 963 [1990]; *Mehtani v New York Life Ins. Co.*, 145

AD2d 90, 95 [1989]; *Briggs v Butterfield Mem. Hosp.*, 104 AD2d 626 [1984]).

The Supreme Court erred in denying that branch of the defendants' motion which was to dismiss the cause of action alleging negligence based on the doctrine of negligence per se. Public Health Law §§ 3331-3374 do not impose a specific duty on the defendants and were not intended to protect any particular class of individuals (*see* Public Health Law § 3300-a; *Elliott v City of New York*, 95 NY2d 730, 734 [2001]; *Chester Litho, Inc. v Palisades Interstate Park Commn.*, 33 AD2d 202, 205 [1969]).

The defendants' remaining contention is without merit. Crane, J.P., Krausman, Goldstein and Covello, JJ., concur.